STATE of Iowa, Plaintiff–Appellee,

v.

Mark Stephen PIEPER, Defendant–Appellant.

No. 87–1488.

Court of Appeals of Iowa.

Sept. 28, 1988.

Gregg A. Pieper, Fairfield, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., and Michael R. Brown, Co. Atty., for plaintiff-appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant–Appellant Mark Stephen Pieper appeals his conviction following a jury trial of operating a motor vehicle while under the influence of alcohol in violation of Iowa Code section 321.281 (1985). Defendant contends (1) the State withheld exculpatory evidence, (2) he was denied his right to a disposition by the trial court's delay in ruling on his motion for new trial, (3) he should have been granted a new trial because of newly discovered evidence, (4) the prosecutor was guilty of misconduct, and (5) there is insufficient evidence to sustain his conviction.

Defendant was charged after he collided with a parked car belonging to Alan Love. At the time of the collision defendant was traveling south and the Love car was parked on the west shoulder facing north. The Love vehicle had stopped to assist another vehicle in the west ditch. Defendant approaching from the south swerved onto the west shoulder and collided head-on with the vehicle. The accident happened about 10:00 p.m. Defendant was rendered unconscious. Defendant was taken to the hospital by ambulance, treated and released. Defendant was taken to the Law Enforcement Center. From 11:08 to 11:12 p.m., defendant was instructed to walk a line, count and perform other balance tests. These tests were not conducted to the satisfaction of the officer in charge. At 11:20 the officer made a request for a specimen to determine defendant's drug or alcohol content under Iowa Code chapter 321B (1985). Defendant made attempts to contact an attorney or family member. Defendant was unable to contact either. Defendant verbally refused to supply a specimen. Defendant was then charged with OWI.

## I. Exculpatory Evidence

Defendant claims the State withheld exculpatory evidence. Several days before trial defendant filed a motion making a broad request of the State for the production of certain material. Prior to that time an informal request had been made. Defendant claims three items of evidence were withheld that should have been produced; namely, (1) information on charges of operating a motor vehicle left of center in violation of Iowa Code section 321.297 filed against Love at the time of the accident. These charges were dismissed by the county attorney in the interest of justice prior to defendant's trial, (2) handwritten notes made by the officer who witnessed defendant's behavior and subsequently arrested defendant, and (3) field sobriety test results on another person; that person's name appeared on the test but defendant's name had been written and then crossed out on the top.

The United States Supreme Court held in *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963) that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or the bad faith of the prosecution." The court extended the *Brady* principles in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976), outlining these situations in which the exculpatory evidence rule would apply. The first is one in which the prosecution uses perjured testimony. In these cases, the court noted that it has applied a strict standard of materiality, "not just because they involved prosecutorial misconduct, but more importantly because they involve a corruption of the truth-seeking function of the trial process." *Agurs,* 427 U.S. 97, 104, 96 S.Ct. 2392, 2397.

The threshold for invoking *Brady* is high. *State v. Todden,* 364 N.W.2d 195,

198 (Iowa 1985). Not only must defendant show that the evidence was exculpatory, he must also show that it was material. The evidence is material only if there is a reasonable probability, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed. 2d 481 (1985). If the *"Brady* evidence" would have been used by the defendant to impeach governmental witnesses to show bias or interest, he must show that, "... if disclosed and used effectively, it may make the difference between conviction and acquittal." *Id.* at 676, 105 S.Ct. at 3380. Not everything need be disclosed. Unless the omission deprived the defendant of a fair trial, there is no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation there is no breach of the prosecutor's constitutional duty to disclose. *Agurs,* 427 U.S. at 108, 96 S.Ct. at 2399.

Defendant has the burden of proof to establish materiality. *State v. Anderson,* 410 N.W.2d 231, 234 (Iowa 1987). A showing of materiality is not satisfied by mere conclusory allegations, including allegations that the government used perjured testimony. *Id.* at 234–35; *United States v. Cadet,* 727 F.2d 1453, 1466 (9th Cir.1984); *United States v. Auten,* 632 F.2d 478, 480 (5th Cir.1980).

■ We find the information defendant claims was withheld was in fact available to him at trial and/or was immaterial. Information of the fact Love was charged for driving left of center and the charges were dismissed was not made available to defendant in response to his request for copies of all charges filed by law enforcement officials in regard to the accident. But the defendant had knowledge of the facts surrounding the filing and dismissal of the charges against Love. A motion to dismiss on these grounds was filed before trial and made reference to these charges. Handwritten notes of the officer who observed defendant and invoked implied consent

were presented to defendant when the jury was being picked. Also, the information in the notes of the officer who observed defendant was included nearly verbatim in the minutes of testimony.

We need not determine whether the evidence was exculpatory. It was all available or known to defendant by the time of trial. Defendant did not seek a continuance to develop any of the information. We do not find the third person's test results with defendant's name crossed out on top to be material to any issue. A copy of the results was in the file of defendant's attorney because defendant's attorney also represented the other defendant. We find no error on these issues.

## II. Speedy Disposition

On December 8, 1986, defendant filed a motion asking the court to "direct a verdict of acquittal notwithstanding the judgment entered herein" or, in the alternative, grant a new trial. The motion was denied the following day, at which time defendant filed a motion to reconsider and to enlarge the findings. The court then set defendant's motion for hearing on December 22, 1986. This time was changed at defense counsel's request to December 19, 1986.

For reasons not reflected in the record, the hearing scheduled for December 19 was held on January 16, 1987. It was held by conference call at the request of the county attorney's office. Upon defense counsel's objection, the court ordered that the matter be set promptly for hearing on the issue of newly-discovered evidence only. The matter was set for hearing in June, and was again continued at the request of defense counsel, who assured the court that a continuance would not be prejudicial to either party. The hearing was eventually held on September 17, 1987.

Defendant claims that the nine-month delay between his motion for new trial and the full hearing was prejudicial and mandates reversal. Defendant relies upon Iowa Rule of Criminal Procedure 23(2)(e), which states that "a motion for new trial shall be heard and determined by the court within thirty days from the day it is filed, except upon good cause entered in the

record." He asserts that the delay was prejudicial because neither the attorneys nor the court could remember details about the case and the witnesses' testimony nine months after the motion was filed.

■ The delay, in large part, is of defendant's making. Less than a month after the motion was filed, defendant's counsel requested a change in the time of hearing. The matter was continued on January 23, 1987, again at defendant's request. When the hearing was reset for June 22, 1987, defense counsel again asked for a continuance, stating that it would "cause *no prejudice* to either party and will be in the interest of an expedient and well-organized hearing."

Since Iowa Rule Crim.P. 23 provides no sanction, reversal requires evidence that defendant requested a speedy ruling on the motion, and that he was prejudiced by the delay. *State v. Anderson*, 308 N.W.2d 42, 50 (Iowa 1981); *State v. Zaehringer*, 306 N.W.2d 792, 795–96 (Iowa 1981). Defendant did not move for a speedy ruling. His claim of prejudice is belied by his own statement five months after the motion for new trial was filed that a delay would be nonprejudicial. Consequently, defendant is not entitled to reversal on this ground.

### III. Newly Discovered Evidence

Defendant contends he should have a new trial because of newly discovered evidence. We disagree. Defendant did not meet the burden necessary to obtain a new trial. *See State v. Allen*, 348 N.W.2d 243, 246 (Iowa 1984); *State v. Gilroy*, 313 N.W.2d 513, 521–22 (Iowa 1981).

### IV. Prosecutorial Misconduct

Defendant argues that various actions by the State during the course of this litigation constituted misconduct. Defendant has failed to show there was misconduct and he was prejudiced by it. *See State v. Gilroy*, 313 N.W.2d 513, 519 (Iowa 1981).

### V. Sufficiency of Evidence

Defendant claims that there is insufficient evidence in the record to support a guilty verdict. In reviewing a claim of sufficiency of the evidence, this court views the evidence in the light most favorable to the State. *State v. McFadden*, 320 N.W.2d 608, 614 (Iowa 1982); *State v. Aldape*, 307 N.W.2d 32, 39 (Iowa 1981); *State v. Lockheart*, 410 N.W.2d 688, 691 (Iowa App.1987). We consider all of the evidence, and any legitimate inferences that may be deducted therefrom will be accepted. *Lockheart*, 401 N.W.2d at 691, quoting *State v. Blair*, 347 N.W.2d 416, 419 (Iowa 1984). We will uphold the jury verdict unless the record lacks substantial evidence to support the charge. Evidence is substantial when it would convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *Lockheart*, 401 N.W.2d at 691 quoting *State v. Blair*, 347 N.W.2d 416, 419 (Iowa 1984).

■ Substantial evidence exists supporting defendant's conviction of driving under the influence of intoxicants. Defendant's driving was erratic. Alan Love testified that defendant veered off the highway onto the shoulder of the road and then back on the highway. Defendant then went completely onto the shoulder and proceeded straight down the shoulder until he hit Love's car.

After the accident, defendant was not moving and then began acting erratically. His speech was slurred, and he insisted that he was not hurt; that he just wanted help getting his car out so that he could go on.

Defendant was combative to the nurses at the hospital. His speech was still slurred, with a variable pitch and rate, and he was difficult to understand. Defendant remained argumentative and evasive. Defendant's eyes were red and watery, and the pupils were dilated and slow to react to light. The odor of alcoholic beverage was very strong and distinct on defendant's breath.

The officer found defendant nonresponsive to all questions regarding the accident. Defendant failed the nystagmus eye test, the one-leg stand test, and the walk and turn test. A rational trier of fact could conclude that defendant was guilty of operating a motor vehicle under the influence.

We find substantial evidence to support the verdict. We affirm the conclusion.

AFFIRMED.