# IN THE COURT OF APPEALS OF IOWA

No. 17-1715
Filed March 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TONY E. DOOLIN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Tony Eugene Doolin appeals the judgment and sentence entered following his convictions for intimidation with a dangerous weapon, assault while participating in a felony, and carrying weapons. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Tony Eugene Doolin appeals the judgment and sentence entered following his convictions for intimidation with a dangerous weapon, assault while participating in a felony, and carrying weapons. He contends his counsel was ineffective for failing to object to an in-court identification and for failing to request a jury instruction on eyewitness identification. He also contends the evidence is insufficient to support his conviction for carrying weapons and the trial court erred in denying his motion for a new trial.

### I. Background Facts and Proceedings.

The incident giving rise to Doolin's convictions occurred outside Flirts Gentlemen's Club in Waterloo during the early morning hours of August 15, 2015. Dalibar Brkovic pulled his vehicle into the club's parking lot, and a man Brkovic did not know got into the passenger seat. The man offered Brkovic money to drive him somewhere. When Brkovic refused, the man threatened him with a gun. Shortly thereafter, when law enforcement arrived at the scene, the man got out of the car and ran away. Brkovic was unable to describe his assailant when he was interviewed several hours later.

Waterloo Police Officer Ryan Muhlenbruch was one of the law-enforcement officers who arrived at the scene. He saw Doolin moving through the parking lot. When Doolin saw the officer, he ducked down in front of a vehicle, and the officer heard what he believed to be a metal object hitting the ground. After placing Doolin in the back of a squad car, Officer Muhlenbruch found a handgun registered to Doolin beneath the vehicle. Doolin, who has a permit to carry a concealed weapon, admitted he had been in possession of a gun and claimed he had pulled his gun

out in self-defense after another man pulled a gun on him. The officer observed that Doolin exhibited signs of intoxication and believed Doolin was under the influence of alcohol.

The State charged Doolin with intimidation with a dangerous weapon, in violation of Iowa Code section 708.6 (2015), a class "C" felony; assault while participating in a felony, in violation of Iowa Code section 708.3, a class "D" felony; and carrying weapons, in violation of Iowa Code section 724.4, an aggravated misdemeanor. Although there was no pre-trial identification of Doolin, Brkovic identified Doolin as his assailant while testifying at the trial. The jury found Doolin guilty as charged. The district court denied Doolin's motion for new trial, which alleged the verdict was contrary to the weight of the evidence.

## II. Discussion.

### A. Ineffective assistance of counsel.

Doolin first claims his trial counsel was ineffective. He argues counsel was ineffective for failing to object to Brkovic's in-court identification as impermissibly suggestive and unreliable, noting that Brkovic was unable to describe the assailant and never identified him prior to trial, when he was sitting at counsel table next to his lawyer. Doolin also argues his counsel was ineffective in failing to request a jury instruction on the reliability of the eyewitness identification.

In order to succeed on a claim of ineffective assistance of counsel, Doolin must show "1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). A defendant establishes counsel failed to perform an essential duty by showing "counsel's performance fell below the standard demanded of a reasonably

competent attorney" when measured against prevailing professional norms. *Id.* A defendant establishes prejudice if absent counsel's error, the jury would have had a reasonable doubt as to the defendant's guilt, such that our confidence in the verdict is undermined. *State v. Virgil*, 895 N.W.2d 873, 882 (Iowa 2017).

In determining whether counsel failed to perform an essential duty, we presume counsel performed competently and avoid second-guessing and hindsight. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

> Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel. Thus, claims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention to the responsibilities of an attorney guaranteed a defendant under the Sixth Amendment.

*Id.* at 143 (citations omitted).

The record is incomplete as to why counsel did not object to the in-court identification and request a jury instruction on eyewitness identification. Accordingly, we decline to reach his ineffective-assistance claims in order to allow Doolin to raise them in a postconviction-relief action to allow full development of the record. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018).

**B. Sufficiency of the evidence.**

Doolin challenges his conviction for carrying weapons, arguing there is insufficient evidence to support the conviction. We review his claim for correction of legal of errors at law. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We will uphold the jury's verdict if it is supported by substantial evidence. *See id.* Evidence is substantial if it can convince a rational jury that the defendant is guilty

beyond a reasonable doubt. *See id.* In making this determination, we review the evidence in the light most favorable to the State. *See id.*

The jury was instructed that in order to convict Doolin of carrying weapons, the State was required to prove:

1. On or about the 15th day of August, 2015, the defendant was armed with a pistol or loaded firearm.
2. The defendant was within the city limits of Waterloo, IA.
3. The defendant did not have a valid permit to carry weapons.

With regard to the third element, the jury was instructed:

[T]he defendant asserts he possessed a valid permit to carry. The State asserts the defendant's permit to carry was invalid due to the alleged intoxication of the defendant.
A permit issued to an individual is invalid if the person to whom the permit is issued is intoxicated.

Finally, the jury was instructed:

A person is "under the influence" when, by drinking liquor and/or beer, one or more of the following is true:
1. His reason or mental ability has been affected.
2. His judgment is impaired.
3. His emotions are visibly excited.
4. He has, to any extent, lost control of bodily actions or motions.

Doolin argues there is insufficient evidence to show that he was under the influence.

When viewed in the light most favorable to the State, there is sufficient evidence for a rational jury to find Doolin was under the influence. Officer Muhlenbruch testified that during his contact with Doolin on the night in question, he "continuously could smell the odor of an alcoholic beverage coming from his person, his speech was slurred, and he also had watery bloodshot eyes consistent with that of somebody who had been consuming alcohol and who had consumed

a good amount of alcohol." The officer testified that during his career in law enforcement, he was in contact with people who had been drinking almost on a nightly basis. Based on his observations of Doolin's slurred speech and watery, bloodshot eyes, coupled with the odor of alcoholic beverage coming from Doolin, Officer Muhlenbruch testified that it was his opinion that Doolin was impaired. This testimony is sufficient evidence that Doolin was under the influence. *See State v. Hutton*, 796 N.W.2d 898, 904 (Iowa 2011) (noting "the determination of whether a person is under the influence of an alcoholic beverage is focused on the conduct and demeanor of the person"); *State v. Pieper*, 432 N.W.2d 701, 704 (Iowa Ct. App. 1988) (finding defendant's red and watery eyes and odor of alcoholic beverage on defendant were evidence he was under the influence of alcohol).

### C. Motion for new trial.

Finally, Doolin contends the trial court erred by denying his motion for new trial, claiming the greater weight of the evidence does not prove he was the person who intimidated Brkovic with a gun. "A verdict is contrary to the weight of the evidence only when 'a greater amount of credible evidence supports one side of an issue or cause than the other.'" *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016) (citation omitted). Because the district court has broad discretion in ruling on a motion for new trial, we reverse its ruling only upon a showing that the district court exercised that discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *See State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003).

In denying Doolin's motion for new trial, the district court acknowledged that Brkovic's in-court identification could be a concern considering his inability to

provide any detailed description of his assailant on the night of the event and the absence of any pretrial identification procedures. However, the court found other evidence corroborated Brkovic's in-court identification. Specifically, the court noted the club's surveillance video showed a person whose movements matched that of the assailant in both direction and timing.[1] The court found that the person shown on the surveillance video was "unquestionably" recognizable as Doolin. The court also noted that an officer heard the sound of metal hitting the ground in Doolin's vicinity, the officer recovered the gun in that location, and Doolin's gun "is consistent with the gun as described by [Brkovic]." Because the evidence does not preponderate heavily against a finding that Doolin was the person who intimidated Brkovic with a gun, the district court did not abuse its discretion in overruling Doolin's motion for a new trial. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) ("Except in the extraordinary case where the evidence preponderates heavily against the verdict, trial courts should not lessen the jury's role as the primary trier of facts and invoke their power to grant a new trial. A trial court should not disturb the jury's findings where the evidence they considered is nearly balanced or is such that different minds could fairly arrive at different conclusions." (internal citation omitted)).

   **AFFIRMED.**

---

[1] A copy of the surveillance video was transferred to this court as part of the district court file. However, the video is in a format that is unsupported by the technology available to us. Although we are unable to view the video, we note that the State played it for the jury during the direct examination of Officer Muhlenbruch, who described what the video shows at various points in relation to the video's timestamp and matched the location and movement of the individuals depicted with witness descriptions of the assault. Because our review "is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence," *Reeves*, 670 N.W.2d at 202, our inability to view the video does not impede our review.