STATE of Iowa, Plaintiff-Appellee,

v.

Arthur Ivar PHELPS, Defendant-Appellant.

No. 84–1189.

Court of Appeals of Iowa.

Oct. 29, 1985.

Charles L. Harrington, Chief Appellate Defender and John P. Messina, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Pamela S. Greenman and James W. Ramey, Asst. Attys. Gen., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL, and SACKETT, JJ.

SCHLEGEL, Judge.

Defendant, Arthur Ivar Phelps, was originally tried in Decatur County District Court for the abduction and sexual abuse of his former spouse, Kathy Phelps. Trial commenced on January 17, 1984, but was declared a mistrial on January 20. Retrial was scheduled for April 24, 1984.

On April 20, 1984, defendant filed a motion to dismiss the charges for denial of his right to a speedy retrial. That motion was overruled, however, and defendant was subsequently found guilty of kidnapping and sexual abuse, both in the third degree. Defendant was sentenced to two concurrent ten year indeterminate terms of imprisonment and ordered to pay a total of $10,000 in fines plus surcharge.

On appeal, defendant claims that his right to a speedy retrial had been denied by allowing passage of more than ninety days from the declaration of mistrial, as prescribed by Iowa Rule of Criminal Procedure 18(6)(a). Defendant claims that such delay was not justified since neither a waiver of the right nor good cause for such delay had been established. Secondly, defendant asserts the trial court erred in imposing a $10,000 fine as a means of recovering county expense and attorney fees, claiming such fines should be imposed as punishment and not as restitutionary measures. We affirm the trial court on both issues.

**I. Speedy Retrial.** The defendant's initial trial ended in a mistrial on January 20, 1984. Retrial was set for April 24, 1984, by the court administrator, and attorneys for the State and for the defendant were notified of the new trial date on February 16, 1984. The date to which the case was reassigned was the 95th day after the declaration of mistrial in the first trial. Defendant's motion to dismiss the case on the basis of the violation of his Rule 18(6)(a) right to speedy trial was filed on April 20, 1984, immediately before the commencement of the retrial of the case.

Defendant claims that the delay occasioned by the late scheduling of the retrial was not justified since neither a waiver of the right nor good cause for such delay had been established.

Defendant's motion to dismiss was premised on Rule 18(6)(a), Iowa Rules of Criminal Procedure, which codified the Iowa Supreme Court's decision in *State v. Zaehringer*, 306 N.W.2d 792, 794-95 (Iowa 1981). Rule 18(6)(a) provides:

The court may discharge a jury because of any accident or calamity requiring it, or by consent of all parties, or when on an amendment a continuance is ordered, or if they have deliberated until it satisfactorily appears that they cannot agree. *The case shall be retried within ninety days unless good cause for further delay is shown.* (Emphasis added).

**A.** The Iowa Supreme court adopted the principal that a retrial of a case that had resulted in a mistrial involved the same speedy trial issues as would a case being brought on an initial indictment or information. *State v. Wright*, 234 N.W.2d 99, 103–04 (Iowa 1975). In that case, the court said:

> We thus hold as a rule of this court that criminal cases must be retried within sixty days after mistrial, if the case is to be retried. We also hold the principle that delay may be excused by good cause is as applicable to retrial as it is to the initial trial.

That court also ruled that from and after January 1, 1978, such retrials must occur within 90 days after the mistrial and that the exceptions that applied to the former rule still apply. *State v. Zaehringer*, 306 N.W.2d 792, 794–95 (Iowa 1981).

These provisions were adopted as a part of Iowa Rule of Criminal Procedure 18(6)(a).

In 1983, the Iowa Supreme Court interpreted the rule pertaining to speedy trial as "narrower and more restrictive than the constitutional right to a speedy trial." (*See* Rule 27(2)(b), Iowa R.Crim.P.) The court held that delay in time to trial was therefore justified only where (1) defendant had waived his right; (2) the delay was attributable to the defendant; or (3) good cause for the delay could be shown. *State v. Bond*, 340 N.W.2d 276, 279 (Iowa 1983). (While *State v. Bond, supra*, dealt with defendant's initial trial, thus invoking the provisions of Rule 27(2)(b), Iowa Rules of Criminal Procedure, the same analysis applies to Rule 18(6)(a), Iowa Rules of Criminal Procedure, since it has been derived from the former rule.)

**B.** In overruling defendant's motion, the court said:

> The court finds that the case was submitted to the jury on the first trial and because of the inability of the jury to reach a verdict a mistrial was declared on January 20th, 1984, which is ninety-five days ago. This case was later assigned for trial by the court administrator for today, April 24th, and this was done by written order, dated February 14th, 1984, and filed in the clerk's office on February 16th, 1984. The copy in the file reflects that the attorneys were notified February 16th, 1984, by the Clerk. I assume both attorneys received the order or notice of the order? (Both attorneys agreed they had received it.)

> \*    \*    \*    \*    \*    \*

> And no objection to the trial date was made by the defendant or his attorney, *nor was any retraction of the waiver of the right to a speedy trial made by the defendant;* and the calendar shows that the defendant did personally waive his right to a speedy trial on November 29th, 1983, and has never withdrawn the waiver. Under these circumstances the court FINDS that there is good cause for the trial being a few days late. I think the defendant has been at liberty on bail; is that correct? (That assumption was correct.)

Later, the following record was made:

> MR. RAMEY: (the prosecutor)
> The jury panel that heard this case initially in January was just discharged at the end of last month and the month of April is the first month with a jury panel other than the one that heard this case when it was mistried.

> THE COURT: That is correct. I would not have ordered it retried to the same jury panel, because I don't believe we could have selected a jury out of the same panel that would be able to be fair and impartial to both sides; and the ordinary practice would be to continue the matter over to the next quarter when we would have a new jury panel in.

Under the record made, the delay in the retrial of the defendant was only justified if one of the exceptions set out in *Bond, supra,* is established. The burden is upon the State to show that there has been a waiver or that good cause exists for the delay. (There is no claim that the delay is the result of action of the defendant.)

**■ 1. Acquiescence.** The State argues that defendant waived his right to a speedy retrial, by reason of the fact that he acquiesced in the trial date that was set by the court administrator. Counsel for the defendant was notified of the trial date set by the administrator and raised no objection to that date. The Iowa Supreme Court has rejected the argument that acquiescence alone is sufficient excuse for delay of trial on the basis that the State, not the defendant, has the responsibility for bringing the defendant to trial within the specified period. The court has, however, recognized that acquiescence in the setting of a trial date beyond the speedy trial period is a factor which may be considered in determining whether a defendant has waived his speedy trial rights. *State v. Zaehringer,* 306 N.W.2d at 795. There court said:

> The determinative issue here is whether sufficient additional circumstances were present in this case to compel a finding of waiver.

The State asserts that even if waiver by acquiescence is not found, defendant signed a written waiver, and that fact, combined with his acquiescence in the trial date, shows that defendant waived his right to a speedy retrial. Neither the written waiver, nor the acquiescence, standing alone, would be sufficient to constitute a waiver. We are not prepared to hold that an initial waiver of the speedy trial right contained in Rule 27(2)(b), Iowa Rules of Criminal Procedure, when combined with the establishment of a trial date to which the defendant does not object, constitutes a waiver of defendant's right to speedy retrial under Rule 18(6)(a), Iowa Rule of Criminal Procedure. Cases holding that a waiver has occurred require more. *See State v. Wright,* 234 N.W.2d 99 (Iowa

1975); *State v. Potts,* 240 N.W.2d 654, 656–57 (Iowa 1976). (Defendant present when trial date was set.)

**■ 2. Good Cause.** The trial court found that there was good cause for the trial being a few days late. To summarize the court's findings on the issue of good cause, the defendant: (1) had filed a written waiver of his right to speedy trial following his initial arraignment, that waiver having been filed in November of the prior year; (2) had known of the trial date being set five days beyond the 90 days specified by the rule from approximately February 16, 1984—two months before the date set for trial; (3) had made no effect to obtain an earlier trial date; (4) had been at liberty on bail from the time of the mistrial; (5) had at no time revoked his waiver of speedy trial. Further, the court found that the delay consisted of only five days. Lastly, the court found that the selection of a fair and impartial jury from the same panel that initially provided the jurors of the first trial would be unlikely. The court would not have ordered the case tried to that jury panel, and would have awaited the arrival of a new panel.

Defendant disputes the court's reasoning concerning a different jury panel, stating that the selection of a jury from the prior panel would have been appropriate.

Appellate review of the trial court's determination of good cause is not de novo. The trial court's findings of fact upon conflicting evidence are binding upon us if supported by substantial evidence. *State v. Bond,* 340 N.W.2d 276, 279 (Iowa 1983).

The discretion of the district court to grant a trial continuance for good cause shown under Iowa Rule of Criminal Procedure 27(2)(b) is narrower than is the discretion in civil cases under Iowa Rule of Civil Procedure 183. *Bond, id.*

> The discretion to avoid dismissal in a criminal case is limited to the exceptional circumstance where the State carries its burden of showing good cause for the delay. This is the circumscribed discretion in review on appeal.

*State v. Hines,* 225 N.W.2d 160–61 (Iowa 1975).

The refusal of the trial court to dismiss this case did not constitute an abuse of its narrow discretion. The facts on which it concluded that good cause had been shown are supported by substantial evidence and binding upon us. *State v. Bond, supra.*

This case, not unlike *State v. Hines,* 225 N.W.2d 156, 158 (Iowa 1975), and *State v. Wright,* 234 N.W.2d 99 (Iowa 1975), involved a scheduling problem with the court. In *Wright,* the case was not tried in the proper time because of "court congestion." In *Hines,* there was a claim that there were insufficient jurors from which to select a jury. In *Wright,* the court said: "Chronic court congestion is not good cause for delay in the trial of criminal cases." In *Hines,* the court found that obtaining a jury panel in Polk County's 286,000 population would not present a burden. In this case, the only scheduling problem related to the advantage of having a new jury panel at the time the retrial was rescheduled, rather than trying to select a jury from the same panel that furnished the jury for the first trial, and the court's concern that it would have been difficult or not possible to select one that was fair and impartial. There is no claim that the scheduling was the result of chronic congestion, and it is clear that the ease of selecting a special panel of jurors in one of the least populous counties of the State does not compare with the ease of such a selection from the population of Polk County.

As stated in *State v. Bond, supra,* at page 279:

The good cause exception to trial within ninety days under Rule 27(2)(b) focuses on only one factor: the reason for the delay. Surrounding circumstances bear on the focal point of the inquiry but only to the extent that they relate directly to the sufficiency of the reason itself. Such circumstances as a relatively short period of delay [5 days], failure of the defendant to demand a speedy trial [no withdrawal of waiver of speedy trial], and the absence of prejudice [found by the court partly in the fact that defendant was not incarcerated during the delay], may allow a weaker reason to constitute good cause; a stronger reason may be necessary in the absence of such factors. *State v. Moritz,* 293 N.W.2d 235, 241 (Iowa 1980); *State v. Petersen,* 288 N.W.2d 332, 335 (Iowa 1980).

We hold that the court did not abuse its discretion in refusing to sustain defendant's motion to dismiss this case for violation of his right to speedy retrial.

**II. Imposition of Fine.** The trial court imposed sentences, on the two charges of which defendant was convicted, of incarceration for concurrent terms not to exceed ten years, and in addition, imposed a fine on each charge in the amount of $5,000 plus surcharge. In giving its reason for the sentences, the court stated:

The court has no discretion to give you probation; permit you to remain home. Under the law this is a forcible felony and the Court doesn't have any authority or right under the law to permit you to have probation and, therefore, the commitment must take place. *And the reason for the fine is that the court notes that you do have some property and you have caused quite a bit of expense to Decatur County in this matter by the trials; by the court-appointed attorney fees. It seems to the Court that a fine is appropriate under the circumstances.*

Defendant claims that the court, in imposing the fines, in fact used that means to order restitution to the county. He argues that the court imposed fines improperly. We disagree. Although the court mentioned the matter of expense to Decatur County, there is nothing in the record to suggest that there was a relationship between the expenses of the trials and the amount of the fines. The court also commented upon the seriousness of the offenses and the strength of the evidence to convict the defendant. The record shows that subsequently, defendant was ordered to pay restitution. The court commented upon the fact that the defendant owned

property. A fine would have a punishing effect.

 A sentence imposed that is within the statutory limits will be set aside only for abuse of discretion. *State v. Gibb*, 303 N.W.2d 673 (Iowa 1981). Such an abuse of discretion can only be demonstrated if the defendant shows that the trial court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Morrison*, 323 N.W.2d 254 (Iowa 1982). The record as a whole, demonstrates that the court's reasons for the imposition of fines in addition to incarceration were not unreasonable or untenable, and therefore, there was not an abuse of discretion in levying the fines and surcharges.

Because we find no error, we affirm the trial court in all respects.

AFFIRMED.