# IN THE COURT OF APPEALS OF IOWA

No. 4-014 / 13-0011
Filed May 14, 2014

**BOE ADAMS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

Petitioner appeals from an order denying his application for postconviction relief. **AFFIRMED.**

Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, Patrick Jennings, County Attorney, and James D. Loomis, Assistant County Attorney, for appellee.

Heard by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

On July 14, 2009, the State filed a twenty-count trial information charging Boe Adams with robbery in the second degree, identity theft, forgery, credit card fraud, and ongoing criminal conduct. On March 1, 2011, Adams pleaded guilty to one count of theft in the first degree, in violation of Iowa Code section 714.2(1) (2009), and ongoing criminal conduct, in violation of section 706A.2(4). He was sentenced to a term of incarceration of ten years on the former offense and twenty-five years on the latter offense, said sentences to be served consecutive to each other, for a total term of incarceration not to exceed thirty-five years. On December 9, 2011, following an unsuccessful direct appeal, Adams filed an application for postconviction relief and an amended application for postconviction relief pursuant to Iowa Code chapter 822. Adams contended his trial counsel was constitutionally ineffective for failing to move to dismiss the trial information on speedy trial grounds. The district court denied Adams' application for postconviction relief. The district court found that Adams waived his right to speedy trial. The district court further found that any delay was for good cause. This appeal followed.

I.

"Under both the State and Federal Constitutions, ineffective-assistance-of-counsel claims are reviewed de novo." *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim for ineffective assistance of counsel, Adams must show "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

Failure to prove either element is fatal to an ineffective-assistance claim. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). With respect to the prejudice prong, the ultimate inquiry is whether trial counsel's allegedly deficient performance caused a complete "breakdown in the adversary process" such that the conviction is unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires the defendant to establish "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (quoting *Strickland*, 466 U.S. at 694).

## II.

"In criminal matters, a competent practitioner must be aware of and vigilantly protect his or her client's speedy trial rights." *State v. Utter*, 803 N.W.2d 647, 653 (Iowa 2011). The statutory speedy trial right is set forth in the Iowa Rules of Criminal Procedure. Rule 2.33(2)(b) provides:

> If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

"Under this rule, a criminal charge must be dismissed if the trial does not commence within ninety days from the filing of the charging instrument unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) 'good cause' for the delay." *State v. Winters*, 690 N.W.2d 903, 908 (Iowa 2005) (citations and quotation marks omitted). Because the remedy for violation of the defendant's speedy trial right is dismissal of the

charge or charges with prejudice, prohibiting reinstatement or refilling of an information or indictment charging the same offense or offenses, the failure to ensure the State abided by the time restrictions found in rule 2.33(2), absent evidence of some strategic decision to forego the right, is a failure to perform an essential duty necessarily resulting in prejudice. *See Ennenga*, 812 N.W.2d at 706-08; *State v. Abrahamson*, 746 N.W.2d 270, 273 (Iowa 2008).

Before turning to the merits of Adams' claim, it is necessary to discuss the procedural history of this case in some detail. The State filed its trial information on July 14, 2009. At arraignment, Adams pleaded not guilty to the charges and asserted his right to speedy trial. Pursuant to rule 2.33, the State was required to bring Adams to trial by October 12, 2009—90 days after the trial information was filed. *See* Iowa R. Crim. P. 2.33(2)(b).

On September 29, 2009, Adams' trial counsel filed a motion to determine Adams' competency to stand trial. The following day, September 30, 2009, Adams filed a motion to continue trial that included a speedy trial waiver signed by Adams. In pertinent part, the motion stated:

> It is the opinion of the undersigned counsel that the Defendant likely is not competent to proceed. A motion to that effect was filed on September 29, 2009, but as of this writing, the Court . . . has not indicated that [it] will suspend the instant proceedings, thus, the matter remains on the trial docket for October 6, 2009. *In the event that the Court does suspend the instant proceedings, this motion is moot and should be considered as being withdrawn.*

The last paragraph of the motion contained the speedy trial waiver signed by Adams:

> I, Boe Wayne Adams, the Defendant herein, hereby waive my right to speedy trial so that my attorney will have sufficient time to

conduct an investigation into my mental health status which may result in a defense that could be asserted in my case. I have been advised that I can refuse to waive this important right. All of my questions have been answered to my satisfaction by my attorney and I have decided to waive my right to speedy trial at this time.

Immediately preceding Adams' waiver was the following paragraph:

There is the additional concern of the right to speedy trial as has been demanded by the Defendant. At the present time, the undersigned counsel is of the opinion that the Defendant likely is not competent to proceed. As such, there is a lack of confidence in the validity of any decision by the Defendant, including any decision concerning speedy trial. The Court will note that the Defendant has executed a waiver of speedy trial below. *Logically, if the Defendant is not competent to proceed, then the waiver is without validity, but if the Defendant is competent at this time to proceed, then the waiver is valid. Of course, if the Court suspends the proceedings under § 812.3, the issue of speedy trial is avoided*.

On October 1, 2009, the court found probable cause to believe Adams was not competent and suspended further proceedings. At the hearing the court stated: "I'm suspending the proceedings so that a competency hearing can be set . . . . I know your client's incarcerated. *He's waived speedy trial*, but I still want to keep this moving along." Adams' counsel did not attempt to correct or clarify the court's statement regarding waiver of Adams' speedy trial right. It should be noted the court's October 1 order was only a probable cause determination made pursuant to Iowa Code section 812.3. Although the statute provides that the defendant is entitled to a final hearing on competency within fourteen days of arriving at a facility for the performance of a psychiatric evaluation, *see* Iowa Code § 812.4(1), Adams was detained for more than one year on the probable cause determination without final hearing. Adams does not challenge the legality of that detention. By statute, the speedy trial period was

tolled between the time of the probable cause determination and the final hearing on competency. *See* Iowa Code § 812.4(1) ("Pending the hearing, no further proceedings shall be taken under the complaint or indictment and the defendant's right to a speedy indictment and speedy trial shall be tolled until the court finds the defendant competent to stand trial.").

In October 2010, more than one year after the probable cause determination, the court held a hearing to determine competency. On November 5, 2010, the district court found Adams competent to stand trial and set trial for November 30, 2010. Momentarily setting aside the issue of waiver and good cause, accounting for statutory tolling pursuant to section 812.4, to comply with rule 2.33, the State was required to bring Adams to trial within ten days after the competency finding, or by November 15, 2010. Adams' counsel did not object to the court setting the trial date beyond the speedy trial deadline. Based on our review of the trial record and the postconviction record, it appears that all the attorneys in this case erroneously believed the ninety-day speedy trial period began anew upon the ruling that Adams was competent to stand trial.

On November 12, 2010, the State filed a motion to continue trial, stating that both prosecutors assigned to Adams' case were unavailable on the trial date. In support of its motion, the State also explained it needed additional time to notify and serve approximately thirty trial witnesses. The State asked for trial to be set for January 25, 2011. Adams' trial counsel did not resist the motion. On November 18, 2010, the court granted the State's motion to continue. The court's order stated that Adams' counsel had another trial scheduled for the

previously-scheduled date that had to be tried because of speedy trial limitations. The court also noted the prosecutors were unavailable on the previously-scheduled trial date. The court set trial for January 25, 2011, and all of the attorneys signed the order without objection. On January 7, 2011, Adams' counsel waived speedy trial on behalf of Adams until April 1, 2011, to investigate potential mental health defenses. Ultimately, on March 1, 2011, Adams pleaded guilty to an amended charge of first-degree theft and ongoing criminal conduct. It is undisputed that the State did not bring Adams to trial within the original speedy trial deadline of November 15, 2010. The only questions presented are whether Adams waived his speedy trial right or whether there was good cause for the delay.

We first address the issue of waiver. "[T]he State, not the defendant, has the responsibility for bringing the defendant to trial within the specified period." *State v. Phelps*, 379 N.W.2d 384, 387 (Iowa Ct. App. 1985). The defendant may affirmatively waive his right to speedy trial. *See* Iowa R. Crim. P. 2.33(2)(b) (providing that defendant has a right to a speedy if the defendant "has not waived" the right); *State v. Hinners*, 471 N.W.2d 841, 845-46 (Iowa 1991) (holding district court did not err in overruling motion to dismiss on the single ground that defendant signed a written waiver of his speedy trial right). The mere "failure of an accused to affirmatively assert his speedy trial rights does not amount to a waiver of those rights." *Ennenga*, 812 N.W.2d at 701. Likewise, the mere acquiescence to a trial date beyond the speedy trial deadline, standing alone, is insufficient to constitute waiver. *See Phelps*, 379 N.W.2d at 387.

"[H]owever, . . . acquiescence in the setting of a trial date beyond the speedy trial period is a factor which may be considered in determining whether a defendant has waived his speedy trial rights." *Id.*

The parties do not dispute that Adams filed a written waiver of his speedy trial right on September 30, 2009, as part of his motion to continue. Instead, the parties dispute the legal effect of the motion and waiver. The motion provides: "In the event that the Court does suspend the instant proceedings, this motion is moot and *should be considered as being withdrawn.*" Adams contends the motion to continue and waiver were both conditional on the court not suspending proceedings pursuant to chapter 812. Because the court did suspend proceedings, Adams argues, the motion and waiver are both withdrawn. The State argues the waiver is independent of the motion. In other words, the State contends only the motion was withdrawn but the waiver remained valid. We agree with Adams that the plain language of the motion provides that it and the waiver "should be considered as being withdrawn." Adams erroneously concludes, however, that his waiver only tolled the speedy trial period until such time as the waiver was withdrawn. This erroneous assumption is fatal to his claim.

Controlling authority holds that the speedy trial period starts anew following the withdrawal of a valid waiver. *See State v. Hamilton*, 309 N.W.2d 471, 475 (Iowa 1981) ("We therefore hold as a rule of this court that when a waiver of the right to a speedy trial is withdrawn, the defendant must be tried within ninety days from the date of withdrawal unless good cause to the contrary

be shown."); *see also State v. Lilienthal*, No. 03-2082, 2004 WL 2002500, at *2 (Iowa Ct. App. Sept. 9, 2004) (same). Thus, even crediting Adams' theory that his waiver was withdrawn at the time court suspended proceedings pursuant to chapter 812, the speedy trial period started anew on that same date, or October 1, 2009. The speedy trial period was then immediately tolled pursuant to chapter 812 until the district court ruled on the competency issue on November 5, 2010. The State was thus required to bring Adams to trial within ninety days of November 5, 2010, or by February 3, 2011. Prior to that deadline, however, Adams filed a second waiver of his speedy trial right to pursue mental health defenses. He does not claim that the second waiver was invalid. Accordingly, the speedy trial deadline was never reached in this matter—even when crediting Adams' legal theory regarding the withdrawal of the motion and waiver. Adams' trial counsel had no duty to file a motion to dismiss because it would have been without merit. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

Even absent the motion and waiver filed on September 30, 2009, we would still find a valid waiver of Adams' speedy trial right under the unique facts and circumstances of this case. At the time proceedings were suspended, there would have been ten days remaining in the speedy trial period absent waiver. Upon proceedings commencing more than one year later, the district court set trial outside the speedy trial period. Defendant and his counsel acquiesced to the new trial date. Defendant and his counsel did not resist further continuances to resolve the matter. Indeed, in January 2011, Adams filed a second waiver to

continue his investigation of mental health defenses. Under similar circumstances, our courts have found waiver through acquiescence:

> It is clear from the record that the district court was led to believe defendant's speedy trial rights could properly be measured from the date of the filing of the new information. The defendant was present, was aware of the assumption under which the district court was assigning the case for trial, and acquiesced in that date without bothering to advise the court that he believed his speedy trial rights were properly to be measured from the date of the procedendo. It was within this framework that the district court, in an earnest attempt to satisfy defendant's speedy trial rights, assigned the case for trial thirteen days beyond the time that defendant now claims the period allowed for retrial expired. We hold that under the circumstances the defendant clearly acquiesced in the trial date selected by the district court and may not now claim that it was in contravention of his statutory speedy trial rights.

*State v. Gansz*, 403 N.W.2d 778, 780 (Iowa 1987).

We also conclude the district court did not err in finding good cause for any delay, to the extent there was a delay. "[G]ood cause focuses on only one factor: the reason for the delay." *Winters*, 690 N.W.2d at 908. (citation and quotations marks omitted). "The attending circumstances 'bear on the inquiry only to the extent they relate directly to the sufficiency of the reason itself.'" *Id.* (citation omitted). "Surrounding circumstances include: (1) the length of the delay, (2) whether the defendant asserted his or her right to a speedy trial, and (3) whether prejudice resulted from the delay." *Id.* "However, [i]f the reason for the delay is insufficient, the other factors will not avail to avoid dismissal." *Id.* (citation and quotation marks omitted) (alteration in original). The Iowa Supreme Court has noted:

> Yet, the reason for the delay cannot be evaluated entirely in a vacuum. The surrounding circumstances bear on the focal point of the inquiry, that is, the reason for the delay. The surrounding

circumstances often include matters that will seem familiar: length of delay, whether the defendant asserted his right to a speedy trial, and whether he was prejudiced by the delay. But, considered only as surrounding circumstances, these matters are important, if at all, only insofar as they bear on the sufficiency of the reason itself. The shortness of the period, the failure of the defendant to demand a speedy trial, and the absence of prejudice are legitimate considerations only insofar as they affect the strength of the reason for delay. This means that, to whatever extent the delay has been a short one, or the defendant has not demanded a speedy trial, or is not prejudiced, a weaker reason will constitute good cause. On the other hand, if the delay has been a long one, or if the defendant has demanded a speedy trial, or is prejudiced, a stronger reason is necessary to constitute good cause.

*State v. Petersen*, 288 N.W.2d 332, 335 (Iowa 1980). Ultimately, "[t]he decisive inquiry in these matters should be whether events that impeded the progress of the case and were attributable to the defendant or to some other good cause for delay served as a matter of practical necessity to move the trial date beyond the initial ninety-day period required by the rule." *State v. Campbell*, 714 N.W.2d 622, 628 (Iowa 2006).

When the court determined Adams was competent to proceed on November 5, 2010, it set trial for November 30, 2010, which would have been fifteen days past the expiration of Adams' speedy trial rights. Adams did not object to setting trial past the speedy trial deadline. The State filed a motion to continue on November 12, 2010, three days prior to the expiration of Adams' speedy trial rights. As a matter of practical necessity, the State needed to continue the trial date because it could not timely prepare the case for trial. This is not a situation where the State was unable to prepare due to a lack of diligence, which would not constitute good cause. Here, the proceedings had been suspended for over one year due to the court's probable cause

determination on competency. The competency proceeding was drawn out. It is unreasonable to assume the State could be prepared to prosecute a twenty-count information involving over thirty witnesses in the allotted time period when the case sat dormant for over one year—witnesses move; memories fade. Given the substantial delay in the proceedings, the complexity of the case, and Adams' acquiescence to continuing trial, we conclude the State has established good cause for any delay. *See State v. Smith*, 573 N.W.2d 14, 18 (Iowa 1997) (stating "[a] defendant may not claim a violation of his speedy trial rights when he has acquiesced in the trial date set by the district court"); *State v. Orte*, 541 N.W.2d 895, 898 (Iowa Ct. App. 1995) ("A defendant may not actively or passively participate in the events which delay his or her trial and then later take advantage of that delay to terminate the prosecution.").

III.

For the foregoing reasons, we find the district court did not err in denying Adams' application for postconviction relief.

**AFFIRMED.**