# IN THE COURT OF APPEALS OF IOWA

No. 15-1444
Filed August 17, 2016

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**CHAD STEVEN LESTER,**
 Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marion County, Steven W. Guiter, District Associate Judge.

A criminal defendant appeals his conviction after being found guilty of operating while intoxicated, arguing the State violated his right to speedy trial. **REVERSED AND REMANDED.**

Jeremy L. Merrill of Lubinus Law Firm, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall, Special Counsel, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Chad Lester appeals his conviction after being found guilty of operating while intoxicated (OWI). He argues the State violated his right to speedy trial and, therefore, the district court abused its discretion in denying his motion to dismiss on speedy trial grounds. We agree and find the district court's failure to dismiss Lester's charge constituted an abuse of discretion. We reverse Lester's conviction and remand for dismissal.

## I. Background Facts and Proceedings

On November 4, 2014, the State charged Lester by trial information with OWI, first offense, in violation of Iowa Code section 321J.2 (2013). Also on November 4, 2014, Lester submitted a written arraignment and plea of not guilty, in which he demanded speedy trial pursuant to Iowa Rule of Criminal Procedure 2.33(2)(b). The district court set a pretrial conference date of December 9, 2014, and ordered that Lester have a substance-abuse evaluation on file with the court within thirty days as a term of his release. On December 9, 2014, the district court continued proceedings to January 6, 2015, and again ordered Lester to obtain a substance-abuse evaluation.

On January 6, 2015, Lester and his attorney appeared for a pre-trial conference as ordered. The district court scheduled dates for the final pretrial conference and trial. Although the record does not contain a transcript of the proceedings that took place that day, Lester and his attorney apparently agreed

to the dates that were set by the court.[1]  The final pretrial conference was scheduled for March 27, 2015; trial was scheduled for April 23, 2015.

On January 14, 2015, Lester filed a motion to suppress, alleging the consent he gave to law enforcement was not valid because he impermissibly signed an implied consent form in red ink.  The State filed a resistance to the motion two days later.  Lester's motion to suppress was denied as facially insufficient on February 13, 2015, following a hearing held on February 10, 2015.

The parties jointly moved to continue the final pretrial conference from March 27, 2015, to March 31, 2015.  Then, on April 13, 2015, Lester filed a motion to dismiss his criminal charge, alleging the State had violated his right to a speedy trial.  In the motion, Lester noted he had filed his written arraignment on November 4, 2014, but had not been brought to trial within the ninety-day timeframe established under rule 2.33(2)(b).  The State filed a resistance to Lester's motion, arguing the delay was justified because Lester had failed to obtain a court-ordered substance-abuse evaluation and also because Lester's unsuccessful motion to suppress was pending when the ninety-day cutoff came and went.

A hearing was held on Lester's motion to dismiss on April 14, 2015. Lester briefly summarized his position.  The State did the same but made the additional argument that the trial date had been scheduled for a date outside the

---

[1] We use the term "agreed to" in deference to the district court's oral recitation of facts in its order regarding Lester's motion to dismiss.  Because we have no document signed by Lester agreeing to the scheduled dates, nor any actual record of what transpired at the January 6, 2015 pretrial conference, we have no definitive record whether the trial date was discussed and agreed to by Lester and his counsel, or if the trial date was scheduled by court administration and simply not objected to.

ninety-day period—while still within the ninety-day period—with the "input, advice and consent" of Lester. Following the State's argument, the district court ruled from the bench as follows:

> The court has reviewed the file, the motion, and the resistance. The court finds that there is good cause for exceeding the ninety days in this case on January 6, 2015, and the defendant and his attorney were personally present in court and agreed to the entry of an order for final pretrial conference on March 27 and the trial date of April 23.
> The court finds that good cause exists that the ninety days was waived by the defendant's actions on January 6, 2015. In further support there's—in further support there's been a number of hearings since the January 6 date all leaving in place the April 23 trial date.
> The motion to suppress was filed. The same day it was filed, the court scheduled—set an order for the parties to inform the court of a date for the motion to suppress so any waiver or cause to go over the ninety days the court finds was at the respondent's actions or consent so, therefore, the court is going to deny the motion[] to dismiss.

Following the hearing, the district court issued an order denying Lester's motion to dismiss "for reasons stated on the record and reasons set forth in [the] State's resistance."

On April 21, 2015, defense counsel filed a motion to continue the April 23, 2015 trial date. The district court reset the trial for May 21, 2015. On May 12, 2015, defense counsel filed a motion to withdraw, citing a fundamental breakdown in the attorney-client relationship. The district court allowed defense counsel to withdraw and rescheduled trial for June 18, 2015, in order to allow Lester's new defense counsel time to prepare.

Lester waived his right to trial by jury and was found guilty by trial on the minutes on June 18, 2015.

Lester now appeals.

## II. Standard of Review

"We review a trial court's ruling on a motion to dismiss based on speedy-trial grounds for an abuse of discretion." *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005). The district court's discretion narrows when speedy trial grounds are at issue. *Id.* "The discretion of the trial court to avoid dismissal is limited to the exceptional circumstance where the State carries the burden of showing good cause for delay." *State v. Hines*, 225 N.W.2d 156, 160–61 (Iowa 1975).

## III. Discussion

Iowa Rule of Criminal Procedure 2.33(2)(b) provides:

> If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

Under rule 2.33(2)(b), "a criminal charge must be dismissed if the trial does not commence within ninety days from the filing of the charging instrument 'unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) 'good cause' for the delay.'" *Winters*, 690 N.W.2d at 908 (citation omitted). The only factor we consider when determining if good cause existed is the reason for the delay. *Id.* "The burden of proving an exception to the rule's deadline rests squarely with the State." *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001).

It is not disputed Lester demanded speedy trial on November 4, 2014. Nor is it disputed Lester was not brought to trial within ninety days of the filing of the trial information. Thus, we need only determine whether the district court was correct in finding waiver or good cause existed to excuse the delay and allow

Lester's criminal charge to survive dismissal. Lester argues the district court abused its discretion in determining his failure to obtain a substance abuse evaluation established good cause for the delay. Second, Lester argues the district court abused its discretion when it determined the delay was attributable to his unsuccessful motion to suppress and other actions. Third, he argues the district court abused its discretion in finding he waived his right to a speedy trial by acquiescing to a trial date after the ninety-day deadline.

The district court's statements on the record indicate it denied Lester's motion to dismiss primarily because it concluded Lester waived his right to a speedy trial when, on January 6, 2015, he agreed to the April 23, 2015 trial date and thereafter remained silent as to the date that had been set. However, the Iowa Supreme Court has "emphasized that mere acquiescence in setting a trial date is not sufficient to lead to a waiver of speedy trial rights." *State v. Taylor*, ___ N.W.2d ___, ___, 2016 WL 3354424, at *4 (Iowa 2016). This is so because the State, not the defendant, "has the responsibility for bringing the defendant to trial within the specified period." *State v. Phelps*, 379 N.W.2d 384, 387 (Iowa Ct. App. 1985). The State must show "an intentional relinquishment or abandonment of a known right or privilege" to prove waiver. *Taylor*, 2016 WL 3354424, at *4 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Acquiescence in the setting of a trial date beyond the speedy trial period is but one factor "which may be considered in determining whether a defendant has waived his speedy trial rights." *Phelps*, 379 N.W.2d at 387. "The determinative issue . . . is whether sufficient additional circumstances were present . . . to

compel a finding of waiver." *State v. Zaehringer*, 306 N.W. 2d 792, 795 (Iowa 1981).

We find the additional circumstances necessary to constitute waiver were lacking in this case. Aside from agreeing to the April 23, 2015 trial date, Lester did nothing to suggest he meant to intentionally relinquish his right to a speedy trial. Neither his failure to obtain the court-ordered substance-abuse evaluation nor his filing of a motion to suppress amounted to the kind of active participation in delay that has led to findings of waiver in other cases. *See, e.g., Zaehringer*, 306 N.W.2d at 795–96 (where the record showed the defendant's "active utilization of the entire schedule fixed by the court" included numerous motions filed after the expiration of the speedy trial deadline, leading our supreme court to conclude it was "obvious defendant neither desired nor was prepared for a speedy retrial").

As to the substance-abuse evaluation, we note Lester appears never to have obtained such an evaluation but eventually stood trial anyway, indicating that his failure to comply with the court's order was not a circumstance that necessitated delay of trial. The absence of a substance-abuse evaluation does not amount to an additional circumstance compelling a finding of waiver. Lester's motion to suppress was filed on January 14, 2015, nineteen days before the speedy trial deadline of February 2, 2015.[2] Trial had already been scheduled for April 23, 2015, another eighty days past the deadline. Lester's filling of a single

---

[2] At the hearing on Lester's motion to dismiss, his counsel incorrectly stated the ninety-day period expired on February 6, 2015. On appeal, Lester incorrectly asserts the ninety days elapsed on February 3, 2015. We disregard these minor computational errors because they do not affect our ultimate decision.

motion prior to the expiration of the speedy trial deadline had no effect on the date of his already-scheduled trial and, thus, did not constitute active participation in delaying his trial.

The State argues we should find waiver here because Lester did more than merely acquiesce to the April 23, 2015 trial date—he and his counsel were present in court when the trial date was chosen and agreed to it, despite their knowledge it was well after the speedy trial cutoff. We believe this argument is foreclosed by the Iowa Supreme Court's recent decision in *State v. Taylor*. 2016 WL 3354424, at *7. In that case, after the ninety-day cutoff had already passed, a criminal defendant and her attorney agreed not only to a trial date beyond the speedy trial deadline, but also to a proffer agreement where the defendant would testify at another trial that would not be proceeding for "a number of months." *Id.* at *1–2. Under those facts, the two dissenting justices in *Taylor* echoed the State's argument here:

> Under our precedent, "mere acquiescence" means "a failure to object to a trial date beyond the period for speedy [ ]trial." Here we have much more than a failure to object. Instead, as the trial court found, [the defendant] with the assistance of counsel verbally agreed to the timeframe in which her trial would occur and then signed off on the transcript of this verbal agreement.

*Id.* at *10 (first alteration in original) (citation omitted). The majority viewed the situation differently, finding, "What the State really argues is not waiver, but mere acquiescence. The State suggests that by not objecting earlier, [the defendant] acquiesced in a later trial date. . . . But our caselaw rejects mere acquiescence as a basis for waiver of speedy trial rights." *Id.* at *7. Our supreme court determined an agreement made by a defendant and her counsel to a trial date

beyond the speedy trial deadline, plus an agreement to make a proffer for purposes of a plea agreement, qualifies as "mere acquiescence." Given that holding, we cannot find Lester waived his right to a speedy trial on the facts now before us.

The State also argues, however, that even if we do not find waiver, then Lester's agreement to the trial date and his motion to suppress constituted good cause for delay. We disagree. The State has not shown adequate reason why this case—an OWI charge with only three witnesses listed in the State's minutes of evidence—necessitated a trial date one-hundred-and-seventy days after the trial information was filed.

Even if we assume, without deciding, the State is correct that the time spent by the district court ruling on Lester's motion to suppress constituted good cause for delaying his trial beyond the ninety-day cutoff, the State still has not shown good cause for the remaining delay. The district court denied the motion to suppress on February 13, 2015, well in advance of the April 23, 2015 trial date. Resolution of a pending motion to suppress has been held to justify continuing a trial from a date within the ninety-day deadline to a date outside the deadline. *See Miller*, 637 N.W.2d at 204–05 ("In [one case], for example, the defendant's filing of a motion to suppress thirty days after the trial date was set, and only three days prior to trial, justified good cause for a continuance beyond the speedy-trial deadline. Similarly, where multiple defendants' motions to suppress were filed one week before trial, this court found no abuse in the trial court's discretion to continue a trial six days beyond the deadline 'to permit resolution of the suppression motions, which might have been dispositive of the

cases.'" (citations omitted)). However, the State has offered no authority to suggest a motion to suppress filed nineteen days before the speedy trial deadline constitutes good cause to justify the already-scheduled trial date of April 23, 2015—eighty days past the deadline and sixty-nine days after the district court issued its ruling on the motion.

Because the State violated Lester's right to a speedy trial, we reverse his conviction and remand to the district court to dismiss the trial information.

**REVERSED AND REMANDED.**