# IN THE COURT OF APPEALS OF IOWA

No. 17-0729
Filed June 3, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KHAMFAY LOVAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson (motion to suppress, trial, and sentencing), and David M. Porter (motion to dismiss), Judges.

A defendant appeals his convictions for possession of methamphetamine with intent to deliver and possession of a firearm by a felon. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ. May, J., takes no part.

**SCHUMACHER, Judge.**

Khamfay Lovan appeals his convictions for possession of methamphetamine with intent to deliver and possession of a firearm by a felon. Lovan was not denied his right to a speedy trial. We conclude the district court properly denied Lovan's motion to suppress. Lovan has not shown he received ineffective assistance of counsel with regard to any alleged breach of the dispositional agreement. We preserve the remaining ineffective-assistance-of-counsel claim for a possible future postconviction proceeding. We affirm Lovan's convictions.

## I.    Background Facts & Proceedings

On November 19, 2015, a confidential informant told Officer Benjamin Carter of the Des Moines Police Department that the informant personally observed a man named "Silo" sell methamphetamine to the informant's friend. The informant stated that Silo was always in possession of at least one ounce of methamphetamine. According to the informant, Silo drove a silver or gray Ford Taurus. Officer Carter looked up the informant's telephone contact information for Silo and found the number was registered to Lovan. Officer Carter obtained a photograph of Lovan and the informant confirmed the photograph was of Silo.

Under supervision by officers, the confidential informant called Lovan in an attempt to set up a purchase of methamphetamine. Lovan stated he could not meet then because he was taking a friend to Crow Tow to pick up the friend's vehicle. Officer Carter drove to Crow Tow in plain clothes and in an unmarked vehicle. He observed Lovan, who he identified by the photograph, drive up in a

silver Ford Taurus and drop off a passenger. The Ford Taurus was registered to Lovan.

Officer Carter had arranged for Officers Brian Steinkamp and Craig Vasquez to be nearby in a marked police vehicle in case the opportunity arose to make a traffic stop. Officer Carter followed Lovan and observed that he drove five miles per hour over the posted speed limit, that he stopped at a stop light directly over a pedestrian walkway, and that there was a passenger in the vehicle who did not have a seat belt on. Officer Carter asked Officers Steinkamp and Vasquez to stop Lovan's vehicle and arrest him on traffic charges, which they did.

Officer Steinkamp performed a pat-down search of Lovan and found several baggies containing methamphetamine and a large amount of cash. Lovan was told he was under arrest, put in handcuffs, and placed in the patrol car. A search of Lovan's vehicle revealed more methamphetamine, a firearm, and marijuana.

On December 22, 2015, Lovan was charged with possession of methamphetamine with intent to deliver, failure to affix a drug tax stamp, possession of a firearm as a felon, trafficking stolen weapons, carrying a concealed weapon, and possession of marijuana. On February 17, 2016, Lovan waived his right to a speedy trial.

Lovan filed a motion to suppress, claiming (1) he did not voluntarily consent to a search of his person, (2) the officers exceeded the scope of the traffic stop by ordering him out of the vehicle, conducting a pat-down search, and questioning him, (3) the warrantless search of his vehicle was improper, and (4) statements he made before being advised of his *Miranda* rights should be suppressed. The State resisted the motion.

At the suppression hearing, the State asserted it did not intend to present evidence of statements Lovan made before he was informed of his *Miranda* rights. On the remaining issues, the district court denied the motion to suppress. The court found Lovan could properly be searched incident to arrest and the search of the vehicle came under the automobile exception to the warrant requirement.[1]

Lovan later filed a motion to dismiss, asking for the suppression of evidence and stating that officers had engaged in a "pretextual search." At the hearing on the motion, Lovan stated "that was an impermissible and pretextual stop done by [Officer] Carter." The district court stated it would not relitigate the motion to suppress and denied the motion to dismiss.

The case proceeded to a jury trial beginning on October 3. The jury was unable to reach a verdict, and on October 6, the district court declared a mistrial.

In a pro se motion dated February 6, 2017, Lovan alleged his speedy-trial rights had been violated. Although Lovan previously waived his right to a speedy trial, he claimed the waiver was ineffective after the mistrial. The State resisted the motion to dismiss, noting Lovan had not revoked his waiver of the right to a speedy trial. The district court denied the motion to dismiss. On February 21, 2017, Lovan revoked his waiver of speedy trial.

Lovan stipulated to a bench trial on the minutes of testimony on the charges of possession of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) (2015), and possession of a firearm as a felon, in violation

---

[1] Lovan filed an application with the Iowa Supreme Court for discretionary review of the district court's ruling on the motion to suppress. The court denied the application for discretionary review.

of section 724.26. The State agreed to dismiss the remaining four counts and join in a sentencing recommendation. On May 8, the court found Lovan guilty of these charges. Lovan was sentenced to terms of imprisonment not to exceed twenty-five years and five years, to be served consecutively. Lovan appeals his convictions.

## II.      Speedy Trial

**A.**      Lovan asserts the district court erred by denying his motion to dismiss because his right to a speedy trial was violated. In his motion to dismiss, Lovan stated he should have been tried on or before February 14, 2016, and argues that because he did not waive his speedy-trial rights until February 17, 2016, his waiver of his speedy trial rights was not effective.

Under Iowa Rule of Criminal Procedure 2.33(2)(b), a defendant should be tried within ninety days after an indictment or trial information is filed. *State v. Abrahamson*, 746 N.W.2d 270, 274 n.4 (Iowa 2008). The trial information in this case was filed on December 22, 2015. The ninety-day period expired on March 21, 2016. We conclude the district court did not err in finding Lovan's waiver of his right to a speedy trial on February 17, 2016, was prior to the time his speedy-trial right expired. Lovan made a valid and effective waiver of his right to a speedy trial.

**B.**      Lovan also asserts the district court erred by denying his motion to dismiss on speedy-trial grounds, as he should have been retried within ninety days after the court declared a mistrial. Rule 2.19(6)(a) provides that after a mistrial "[t]he case shall be retried within 90 days unless good cause for further delay is shown." Lovan claims his original waiver of his right to speedy trial, made on

February 17, 2016, did not carry through after the court declared a mistrial. He asserts his speedy trial rights were reset on October 6, 2016, and he should have been tried within ninety days of that date. We review a district court's decision on a motion to dismiss on speedy trial grounds for the correction of errors at law. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017).

The ninety-day period for a speedy trial is reset following a mistrial. *State v. Zaehringer*, 306 N.W.2d 792, 794–95 (Iowa 1981). The mistrial was granted on October 6, 2016, and Lovan was tried more than ninety days later on May 8, 2017. Because Lovan was retried more than ninety days after the mistrial was granted, the State has the burden to show (1) Lovan waived his right to a speedy trial; (2) delays attributable to Lovan, or (3) good cause for the delay. *See State v. Taylor*, 881 N.W.2d 72, 76 (Iowa 2016).

The State claims Lovan waived his right to a speedy trial on February 17, 2016, and this waiver remained in effect until he revoked the waiver on February 21, 2017. In *State v. Hamilton*, 309 N.W.2d 471, 474 (Iowa 1981), the defendant waived the right to a speedy trial. He appealed the district court's ruling on his motion to suppress, and the district court's ruling was affirmed. *Hamilton*, 309 N.W.2d at 474. After procedendo was issued, the case was scheduled for trial and the defendant claimed his right to speedy trial had been violated. *Id.* The Iowa Supreme Court ruled that the original waiver was in effect until it was waived. *Id.* at 475.

In *State v. Mosley*, No. 08-1437, 2009 WL 5125979, at *3 (Iowa Ct. App. Dec. 30, 2009), we stated a defendant's "pre-remand speedy trial waiver no longer applied" following remand. In that case, the defendant "reasserted his right to a

speedy trial at the first pretrial conference following remand" and stated that he was "ready to go to trial." *Mosley*, 2009 WL 5125979, at *3; *see also In re Detention of Blaise*, 830 N.W.2d 310, 317 (Iowa 2013) (discussing the *Mosley* decision).

If we were to apply *Hamilton*, Lovan's waiver of his right to a speedy trial remained in effect until he revoked his waiver on February 21, 2017, and consequently, Lovan was tried within ninety days after he revoked his previous waiver. *See* 309 N.W.2d at 475 ("We therefore hold as a rule of this court that when a waiver of the right to a speedy trial is withdrawn, the defendant must be tried within ninety days from the date of withdrawal unless good cause to the contrary be shown."). However, under these facts, we find the *Zaehringer* analysis to be more applicable to Lovan's proceedings, as his case involved application of the speedy-trial rule following a mistrial rather than an appeal during the course of criminal proceedings.

Our analysis does not conclude, however, even if Lovan's waiver of his right to a speedy trial did not remain in effect past the mistrial, as there is evidence to show he acquiesced in the setting of his second trial date. The court declared a mistrial on October 6, 2016. In discussing a new trial date, the prosecutor noted Lovan had waived his right to a speedy trial. Defense counsel did not dispute the statement and participated in the trial date selection.

A status conference order was filed on October 19, setting the new trial date for February 27, 2017, which was more than ninety days after the mistrial was granted. The order stated Lovan had waived his right to a speedy trial. Lovan was personally served with a copy of this order. Lovan requested the continuance of a

status conference scheduled for February 1, 2017. On February 3, Lovan filed a motion to dismiss, seeking to relitigate the ruling on his motion to suppress. On February 8, he filed a motion to dismiss on speedy trial grounds. He also requested the appointment of new counsel. Lovan filed notice of intent to depose witnesses on February 20.

At a hearing held on February 21, defense counsel stated, "[I]t's my understanding that a waiver of speedy trial continues in place even after a mistrial due to a hung jury." He stated Lovan could withdraw the waiver of his speedy trial rights and the ninety-day clock would start from the time of withdrawal. Lovan revoked the waiver of his speedy-trial rights at that time. After the court informed defense counsel that additional time would be needed if Lovan wanted to take depositions, defense counsel stated the depositions were necessary. The court continued the trial date based on Lovan's request to take depositions. In arguing a pro se motion, Lovan acknowledged that his speedy-trial rights were waived by counsel during the course of the setting of a new trial date.

A defendant's "acquiescence in the setting of a trial date beyond the speedy trial period is a factor which may be considered in determining whether a defendant has waived his speedy trial rights." *Zaehringer*, 306 N.W.2d at 795. However, there must be "sufficient additional circumstances" beyond the defendant's acquiescence in a trial date in order to show waiver. *State v. Phelps*, 379 N.W.2d 384, 387 (Iowa Ct. App. 1985). A defendant's motions and request for depositions past the speedy-trial date show the defendant waived the right to a speedy trial, as it showed the "defendant neither desired nor was prepared for a speedy retrial."

*Zaehringer*, 306 N.W.2d at 796.  Counsel attended the status hearing and agreed to the new trial date.

Lovan did more than just acquiesce in a new trial date past the speedy-trial deadline.  He filed several motions and requested depositions, which further extended the time before the trial was held.  Lovan's actions show he was not prepared for trial within ninety days after the mistrial was granted.  *See id.*  We conclude Lovan waived his right to a speedy trial.  *See id.* at 795.

### III.    Motion to Suppress

Lovan contends the stop of his vehicle was an impermissible pretextual seizure in violation of article I, section 8 of the Iowa Constitution.[2]  He asserts the district court should have granted his motion to suppress.

When a motion to suppress is based on alleged constitutional violations, we review the district court's decision de novo.  *State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019).  We make "an independent evaluation of the totality of the circumstances as shown by the entire record."  *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011) (quoting *State v. Turner,* 630 N.W.2d 601, 606 (Iowa 2001)).  We give "deference to the factual findings of the district court due to its opportunity to

---

[2]  The State claims Lovan failed to preserve error on this issue.  Lovan's motion to suppress stated, "Mr. Lovan's vehicle was stopped due to traffic infractions. Searching his person was not related to the alleged traffic violations, which were used for this pre-textual stop."  The State's resistance asserted, "Defendant alleges that the traffic stop was a pre-text."  The district court ruled the officers "testified the intent was to arrest the defendant for traffic violations once he was stopped." We conclude error was preserved.  *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)).

evaluate the credibility of the witnesses, but are not bound by such findings." *State v. Lane,* 726 N.W.2d 371, 377 (Iowa 2007).

The issue of pretextual traffic stops was recently addressed by the Iowa Supreme Court in *State v. Brown*, 930 N.W.2d 840, 843 (Iowa 2019). The court addressed the issue of "whether, under the Iowa Constitution, a traffic stop for a traffic violation is 'reasonable' even if the violation did not happen to be the officer's motivation for the stop." *Brown*, 930 N.W.2d at 846. The court upheld prior precedent that held "an officer's ulterior 'motive for making the arrest does not limit the right to conduct a search incident thereto' under the Iowa Constitution '[i]f probable cause exists for an arrest to be made.'"[3] *Id.* at 854 (quoting *State v. Griffin*, 691 N.W.2d 734, 737 (Iowa 2005)); *see also State v. Haas*, 930 N.W.2d 699, 702 (Iowa 2019) ("[T]he subjective motivations of an individual officer in making a traffic stop under article I, section 8 of the Iowa Constitution are irrelevant as long as the officer has objectively reasonable cause to believe the motorist violated a traffic law.").

The State has the burden to prove by a preponderance of the evidence that an officer had probable cause to stop a vehicle. *State v. Tyler*, 830 N.W.2d 288, 293 (Iowa 2013). "When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "The existence of probable cause for a traffic

---

[3] Lovan asks us to adopt a burden-shifting totality-of-the-circumstances test for determining whether the stop of a vehicle is pretextual and therefore impermissible. The Iowa Supreme Court rejected such a proposal in *Brown*, 930 N.W.2d at 851. We are not at liberty to overturn Iowa Supreme Court precedent. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("[I]t is the role of the supreme court to decide if case precedent should no longer be followed.").

stop is evaluated 'from the standpoint of an objectively reasonable police officer.'" *Tyler*, 830 N.W.2d at 293–94 (citation omitted).

Officer Carter followed Lovan and observed that he drove five miles per hour over the posted speed limit, that he stopped at a stop light directly over a pedestrian walkway, and that there was a passenger in the vehicle who did not have a seat belt on. Officer Carter requested that Lovan's vehicle be stopped due to these traffic violations. The district court found the testimony of the officers to be credible that they intended "to arrest the defendant for traffic violations once he was stopped."

There was probable cause to stop Lovan's vehicle once Officer Carter observed the traffic violations. *See id.* at 293. The officers' subjective motivations for making the traffic stop are irrelevant because the officers had reasonable cause to believe Lovan violated traffic laws. *See Haas*, 930 N.W.2d at 702. We conclude the district court properly denied Lovan's motion to suppress.

## IV. Ineffective Assistance

Lovan claims he received ineffective assistance because defense counsel failed to object to the State's breach of the dispositional agreement and failed to move to dismiss based on violation of speedy trial rules.

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

Prior to the trial on the minutes, the prosecutor set out the parties' agreement:

> Mr. Lovan will stipulate to a trial on the minutes and a finding of guilt with regard to Count I, possession of a controlled substance with intent to deliver, a Class B felony, without the firearm enhancement; and to Count III, possession of a firearm as a convicted felon, a Class D felony.
>
> We will recommend that the Court run those sentences concurrent to each other; so it's a 25-year term in Count I with a mandatory one-third, and a five-year term in Count III. But as I said, we would run them concurrent to each other for essentially a 25-year term.
>
> We will ask that the Court suspend the minimum fine in each of these counts, $5,000 in Count I and $750 in Count III; impose whatever court costs there are and the required surcharges; revoke his driver's license; and dismiss the remaining counts of the trial information.

Defense counsel and Lovan indicated this was their agreement.

Lovan asserts that at the time of sentencing, the State did not make the sentencing recommendations it had agreed to and instead made no recommendation. When the State agrees to make a sentencing recommendation, the prosecutor is required "to present the recommended sentences with his or her approval, to commend these sentences to the court, and to otherwise indicate to the court that the recommended sentences are supported by the State and worthy of the court's acceptance." *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999). If the State does not follow the agreement, defense counsel should make an objection. *State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008).

The trial on the minutes and sentencing were held in one proceeding. At the beginning of the hearing, the court recognized the parties had an agreement and heard the State's sentencing recommendation in the recitation of the terms of the agreement. The court reviewed the terms of the agreement with Lovan, then

stated, "So I think I've heard the plea discussions that have been talked about today." The prosecutor stated again, "[I]t is our agreement that we will recommend that the Court run them concurrent to each other." When the court asked the prosecutor and defense counsel if there was anything else before it imposed sentence, the prosecutor did not give the State's recommendation again, although defense counsel asked the court to adopt the joint recommendation.

During sentencing, the court stated, "I heard the arguments of counsel and I understood that that's—that they had an agreement coming into court." The statements made during the combined proceedings show the court was fully aware of the State's recommendation for sentencing. The State set out its recommendation at the beginning of the proceedings and then again just before the court explained its discretion in sentencing. We do not find the State breached its agreement by failing to give the recommendation again in the same proceedings.

Because we have determined the State did not breach the agreement, we find defense counsel had no obligation to object. *See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015) ("Counsel does not fail to perform an essential duty by failing to raise a meritless objection."). Lovan has not shown he received ineffective assistance of counsel.

Lovan also asserts that if it is determined that defense counsel waived speedy trial, counsel was ineffective in failing to move for a dismissal of the charges on a speedy trial ground, noting that counsel recited into the record that Lovan's waiver of speedy trial prior to the mistrial was valid for purposes of the second trial. We note that defense counsel was successful in negotiating dismissal

of four of the charges and an agreement for a joint sentencing recommendation. We do not have a record of the conversations that occurred between Lovan and counsel. We preserve this claim to allow defense counsel to be afforded an opportunity to respond and to allow for development of the record concerning this claim. *See State v. Stewart,* 691 N.W.2d 747, 750 (Iowa Ct. App. 2004) ("Ordinarily we preserve claims of ineffective assistance of counsel raised on direct appeal for postconviction proceedings to allow full development of the facts surrounding counsel's conduct."). "Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned." *State v. Desimone*, No. 05-1740, 2007 WL 750649, at *3 (Iowa Ct. App. Mar. 14, 2007) (quoting *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978)).

We affirm Lovan's convictions.

**AFFIRMED.**