**STATE of Iowa, Appellant,**

v.

**Steven Laverne ZAEHRINGER, Appellee.**

**No. 65701.**

Supreme Court of Iowa.

June 17, 1981.

Thomas J. Miller, Atty. Gen., Shirley Steffe, Asst. Atty. Gen., James Hoffman and Martin Wozniak, Asst. County Attys., for appellant.

Randy Hohenadel of Newport, Fortini & Hohenadel, Davenport, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE, and SCHULTZ, JJ.

McCORMICK, Justice.

As a result of circumstances for which this court shares responsibility, defendant Steven Laverne Zaehringer was not expeditiously retried after reversal of his conviction and sentence for rape in violation of section 698.1, The Code 1977. The trial court dismissed the case after sustaining two motions to dismiss in which defendant alleged his speedy trial rights had been violated. One of the motions was based on his right to speedy trial under U.S.Const. amend. VI and XIV and Iowa Const. art. I, § 10. The other was based on his right to speedy retrial under our holding in *State v. Wright*, 234 N.W.2d 99, 103–04 (Iowa 1975). Although we regret the delays which have occurred in this case, we hold that defendant did not establish either ground for dismissal. As a result, we reverse the trial court.

I. *The first motion to dismiss.* Defendant's first motion to dismiss was premised on the delay which occurred from the initiation of the prosecution through the date of his rearraignment after reversal of his conviction. Although he did not specify a legal ground in the motion, his counsel said at the hearing it was based on the pertinent provisions of the United States and Iowa Constitutions. The applicable constitutional standard is delineated in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116–17 (1972), and *State v. Shockey*, 214 N.W.2d 146, 150 (Iowa 1974). In the present case, the trial court did not apply the four-factor balancing test prescribed in these cases. We apply that test in our review. Because a constitutional issue is involved, we find the facts anew.

The charge was brought by county attorney's information filed October 24, 1977. Defendant executed a written "application to postpone trial," a means of waiving speedy trial under local practice. He was convicted and sentenced after jury trial in February 1978. He appealed, and the judgment was reversed by this court on June 27, 1979. The opinion recited that the case was "reversed and remanded for new trial." *State v. Zaehringer*, 280 N.W.2d 416, 422 (Iowa 1979). Defendant does not assert he was unaware of the filing of this decision.

However, because of a mistake in our clerk's office, the procedendo did not issue within the period specified in Iowa R.App.P. 29. When the mistake was discovered on March 3, 1980, the procedendo was issued. Thus the case was not remanded to the district court until that date. Defendant was rearraigned on May 6, 1980. At the arraignment, the trial court fixed May 15 as the deadline for filing a motion for a bill of particulars, June 5 as the deadline for all pretrial motions, July 9 as the deadline for completion of discovery, July 10 as the date for pretrial conference, and July 21, 1980, as the date for retrial.

On June 5, the last day for filing pretrial motions, defendant filed his motion to dismiss based on the delays which had occurred from the date the prosecution started through his rearraignment on May 5, 1980.

Applying the *Barker* four-factor balancing test, we do not find an infringement of defendant's constitutional right to speedy trial from this delay. He expressly waived his right to speedy trial prior to his February 1978 trial. He initiated and contributed to the subsequent delay involved in the appellate process. The only delays for which he did not share direct responsibility were this court's late issuance of the procedendo and the State's late scheduling of his rearraignment. These delays embraced a period of less than eleven months.

At no time during this period did defendant assert his right to speedy retrial. We have ample reason to believe he was always

well aware of the status of the case. *Cf. Committee on Professional Ethics and Conduct v. Toomey*, 253 N.W.2d 573, 574 (Iowa 1977) ("Ordinarily, all parties properly brought into court are chargeable with all subsequent steps taken in the proceeding down to and including the judgment."). Defendant obviously did not deem it in his interest to expedite his retrial.

His acquiescence in the delay also belies his subsequent assertion of prejudice. He was not incarcerated during this period. His only allegation of prejudice is that he could not at the time of his motion locate two witnesses who had testified in his behalf at his 1978 trial. The materiality of their testimony and the extent of his efforts to locate the witnesses were not shown. Nothing in the record supports a finding that the last eleven-month delay was responsible for his inability to find the witnesses. Nor, if they are unavailable, does the record show their former testimony could not be used at the retrial. *See* § 622.97, The Code.

Balancing the length of delay, reason for delay, defendant's failure to assert his speedy trial right, and the deficiency of evidence of prejudice, we find no denial of defendant's constitutional right to speedy trial.

We hold that the trial court erred in dismissing the case on the grounds urged in defendant's first motion.

II. *The second motion to dismiss.* Defendant's second motion to dismiss was premised on the delay which occurred between the date procedendo was issued by this court, March 3, 1980, and the date his retrial was scheduled to start, July 21, 1980. At the July 16, 1980, hearing on the motion, it was established that retrial had been reset for July 24, 1980. Thus, a 144-day delay was involved. This motion to dismiss, filed July 9, 1980, relied on the rule governing the period for retrials established in *State v. Wright*, 234 N.W.2d at 103–04:

> We thus hold as a rule of this court that criminal cases must be retried within sixty days after mistrial, if the case is to be retried. We also hold the principle that

delay may be excused by good cause is as applicable to retrial as it is to the initial trial.

After reversal of a case, the period for retrial is triggered by the date procedendo issues. *State v. Lybarger*, 263 N.W.2d 545, 547 (Iowa 1978).

The applicability of the rule adopted in *Wright* was assumed in the present case, despite the repeal of section 795.2, The Code 1977, as part of the January 1, 1978, criminal code revision. *See* 1976 Session, 66th G.A., ch. 1245, § 526. The speedy retrial rule was patterned on that statute. The present counterpart of former section 795.2 is Iowa Rule Crim.P. 27(2)(b). It provides:

> If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

Like former section 795.2, this provision does not fix the time within which retrial must be commenced.

In *Wright* we compared a mistrial or other contingency creating the necessity of a retrial to an indictment for speedy trial purposes. Consequently we treated the date of mistrial as the starting point of the period for retrial. We adopted 60 days as the period for speedy retrial because of the legislature's use of 60 days as the period for speedy trial in the statute. *See* 234 N.W.2d at 103. In *Lybarger* we held the starting point after reversal of a case is the remand date.

We have not had occasion to determine whether the rule adopted and applied in *Wright* and applied in *Lybarger* has been affected by the repeal of section 795.2. The difference between section 795.2 and rule 27 is that the period for speedy trial has expanded from 60 to 90 days. We believe our rule requiring speedy retrials should be modified accordingly. We therefore hold as a rule of this court that a criminal case in which mistrial or remand has occurred on or after January 1, 1978, must be retried with-

in 90 days after the mistrial or remand, if it is to be retried. This rule is subject to the same exceptions as the former rule.

Because the procedendo issued after January 1, 1978, in the present case, the new rule applies. The record does not show whether the trial court believed defendant should have been tried within 60 or 90 days. The court simply found that the delay of 144 days was excessive, good cause was not shown for the delay, and defendant had not waived the benefit of the rule.

General principles governing our review are stated in *State v. Ege*, 274 N.W.2d 350, 354 (Iowa 1979). In order to obtain a reversal, the State must show that the trial court abused its limited discretion in its ruling sustaining defendant's second motion to dismiss. The record shows defendant was not retried within 90 days after procedendo issued. Therefore dismissal was required unless good cause was shown for the delay or defendant waived the right to speedy retrial. Under the analysis prescribed in *State v. Petersen*, 288 N.W.2d 332, 335 (Iowa 1980), the State has not shown that the court erred in refusing to find good cause for the delay. This leaves the waiver ground.

The State contends defendant's acquiescence at his rearraignment in the setting of a trial date beyond the period for speedy retrial constitutes waiver of the right to earlier retrial. Decisions in Alaska, California and Indiana provide some support for the State's argument. *See DeMille v. State*, 581 P.2d 675, 677 (Alaska 1978); *In Re Bishop*, 201 Cal.App.2d 604, 611, 20 Cal. Rptr. 186, 189–90 (1962); *Smith v. State*, 266 Ind. 633, 637, 366 N.E.2d 170, 171 (1977). However, in the majority of jurisdictions with rules analogous to ours, the courts have held that mere acquiescence in the setting of a trial date beyond the period for speedy trial does not constitute waiver. *See People v. Gallegos*, 192 Colo. 450, 451, 560 P.2d 93, 94 (1977); *State v. Ansley*, 349 So.2d 837, (Fla.App.), *cert. denied*, 359 So.2d 1220 (1977); *State v. Johnson*, 201 Neb. 322, 326, 268 N.W.2d 85, 87–88 (1978); *State v. Singer*, 50 Ohio St.2d 103, 106, 362 N.E.2d 1216, 1219 (1977); *Commonwealth v. Brown*, 264 Pa.Super. 127, 133, 399 A.2d 699, 702 (1979); *State ex rel. Holstein v. Casey*, 265 S.E.2d 530, 534 (W.Va.1980). These decisions are based on the principle that the state, not the defendant, has the responsibility for bringing the defendant to trial within the specified period. The same principle underlies our speedy trial rule. *See, e. g., Lybarger*, 263 N.W.2d at 546. We find the reasoning in the majority cases more persuasive and therefore decline to follow the decisions relied on by the State.

Nevertheless, we have recognized that acquiescence in the setting of a trial date beyond the speedy trial period is a factor which may be considered in determining whether a defendant has waived his speedy trial rights. *See State v. Potts*, 240 N.W.2d 654, 656 (Iowa 1976) ("Defendant, present and with counsel, did not resist the trial date set or assert he wanted an earlier date either at that time or at the March 14 pre-trial hearing."). The determinative issue here is whether sufficient additional circumstances were present in this case to compel a finding of waiver.

■ Defendant was arraigned within the 90-day retrial period. Although present and represented by counsel, he did not object to the trial date or other deadlines fixed by the court. The deadlines for pre-trial motions and discovery were subsequent to the 90-day period. Defendant waited until June 5, the last date for pre-trial motions, to file his first motion to dismiss. He attacked only the delay between the original charge and rearraignment in this motion. On that same date he filed four other motions. One was a motion to have his attorney compensated at public expense. Second was a motion to require the State to produce five categories of evidence for his copying or inspection. Third was a motion to inspect any evidence seized in connection with the offense and any evidence subjected by the State to scientific evaluation. Fourth was a thirteen-paragraph motion to require the State to disclose or respond to detailed discovery requests.

The court entered an order on June 5 sustaining the motion for representation at public expense. On June 20 the State responded to the defendant's discovery motion, agreeing to some of the requests and resisting others. On the same date the State agreed to produce any evidence coming within defendant's separate motions to produce and inspect. In addition, the State filed a reciprocal motion for discovery under Iowa R.Crim.P. 13(3)(a) and (b).

On July 7, defendant filed a motion for authority to take depositions of the State's witnesses at State expense. The court sustained the motion the same date and ordered the depositions to be taken commencing at 8:30 a. m. on July 9, 1980.

Defendant filed his second motion to dismiss on July 9. Pretrial conference was held, as scheduled, on July 10. Hearing on all pending motions was set for July 16, 1980. On July 16, the dismissal motions were submitted and hearing on the controverted discovery motion was continued. The court subsequently entered the dismissal order from which the present appeal was taken.

This record thus contains much more than a showing of a failure to object to a trial date beyond the period for speedy retrial. It discloses defendant's active utilization of the entire schedule fixed by the court at rearraignment. It shows defendant filed numerous motions as part of his preparation for trial. All of his motions were filed after expiration of the speedy-retrial period and before filing of his motion to dismiss invoking for the first time the *Wright* speedy retrial rule.

Defendant obviously did not want to go to trial within 90 days after procedendo issued. He did not begin to prepare for trial until the speedy retrial period had expired. His trial preparation consumed much of the subsequent period and was not complete when he filed his second motion to dismiss. He still had not taken the requested depositions, and the controverted discovery motion was still pending on July 16. It is obvious defendant neither desired nor was prepared for a speedy retrial. *See Potts*, 240 N.W.2d at 657.

Under this record, we find as a matter of law that defendant waived his speedy-retrial rights. The speedy retrial rule is intended to protect a defendant's right to an expeditious retrial, not to provide a weapon for terminating a prosecution which the defendant was not earlier prepared to defend. *Cf. State v. Cennon*, 201 N.W.2d 715, 718 (Iowa 1972) ("This statute [section 795.-1, The Code 1971] was intended to provide a shield for the defendant, not a sword."). In the present case, defendant actively participated in the events which delayed his retrial but later sought to take advantage of that delay to terminate the prosecution. This he cannot do.

We hold that the trial court exceeded its discretion in sustaining his second motion to dismiss. Because neither motion to dismiss had merit, we reverse and remand for trial.

REVERSED.