# IN THE COURT OF APPEALS OF IOWA

No. 19-1236
Filed November 30, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**TREQUAN COSGROVE,**
     Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Louisa County, Mark E. Kruse,

Judge.


        Trequan Cosgrove appeals the district court order denying his motion to

dismiss the criminal charges against him on speedy trial grounds.  **AFFIRMED.**


        Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

In this appeal, we are asked to decide whether a defendant's speedy trial rights were violated when the defendant successfully requested a mistrial during his first trial and actively participated in setting a date for the second trial. Finding no violation of the defendant's speedy trial rights, we affirm.

## I. Background

Trequan Cosgrove was charged with a number of crimes following an incident in which Cosgrove stabbed two people with a knife. Cosgrove waived his right to a speedy trial, and the case proceeded to a jury trial. During trial, one of the State's witnesses mentioned a DNA report that had been received by the State but had not been turned over to Cosgrove. Cosgrove moved for a mistrial based on this previously undisclosed evidence. He also moved to continue the trial sufficiently far into the future so as to allow him time to have independent DNA testing conducted, asserting such testing could be beneficial to his defense. In his motion to continue, Cosgrove stated the independent testing "should take about 90 days." A hearing on the motions was held. On November 7, 2018, the district court granted Cosgrove's motions, declaring a mistrial and rescheduling trial for April 23, 2019.

Cosgrove filed a motion to dismiss the case on April 9, 2019, two weeks before trial, arguing he had not waived his speedy trial rights under Iowa Rule of Criminal Procedure 2.33.[1] The court determined defense counsel had agreed to

---

[1] We question whether the applicable rule of criminal procedure is rule 2.33, as cited by Cosgrove and the district court, or rule 2.19(6)(a). Rule 2.19(6)(a) states:
> The court may discharge a jury because of any accident or calamity requiring it, or by consent of all parties, or when on an amendment a

the new trial date set following the mistrial, and denied Cosgrove's motion. Cosgrove was found guilty following the second trial, and this appeal followed.

## II.     Standard of Review

"We review a district court's ruling on a motion to dismiss on speedy trial grounds for abuse of discretion."  *State v. Taylor*, 881 N.W.2d 72, 76 (Iowa 2016). "When speedy trial grounds are at issue, however, the discretion given to the district court narrows."  *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005).  The discretion is narrow as it relates to circumstances that provide good cause for delay of the trial.  *State v. Campbell*, 714 N.W.2d 622, 627 (Iowa 2006).

## III.     Discussion

Cosgrove argues the State failed to bring him to trial in violation of his speedy trial rights under Iowa Rule of Criminal Procedure 2.33.  In relevant part, that rule states:

> If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

---

continuance is ordered, or if they have deliberated until it satisfactorily appears that they cannot agree.  The case shall be retried within 90 days unless good cause for further delay is shown.
This rule may more accurately cover the situation following a mistrial than rule 2.33, and applicability of rule 2.19(6)(a) following a mistrial has support in our appellate case law.  *See, e.g.*, *State v. Phelps*, 379 N.W.2d 384, 386–87 (Iowa Ct. App. 1985) (relying on rule 18(6)(a) [later renumbered as rule 2.19(6)(a)] as the rule governing speedy trial following a mistrial).  Deciding whether to apply rule 2.19(6)(a) or 2.33 is not critical to the resolution of this case, however, because "retrial of a case that had resulted in a mistrial involved the same speedy trial issues as would a case being brought on an initial indictment or information" and the exceptions that apply to speedy trial issues on retrial are the same as those that apply to an initial indictment or information.  *Id.* at 386.

Iowa R. Crim. P. 2.33(2)(b). The speedy trial period resets when the district court grants a mistrial. *See State v. Zaehringer*, 306 N.W.2d 792, 794–95 (Iowa 1981) (requiring a criminal defendant to be retried within ninety after a mistrial); *see also* Iowa R. Crim. P. 2.19(6)(a) (same). We have recognized three exceptions to the speedy trial requirement, namely when "the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) 'good cause' for the delay." *State v. Nelson*, 600 N.W.2d 598, 600 (Iowa 1999). The State has the burden to prove one of the exceptions applies. *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001). These exceptions apply to retrial following a mistrial in the same manner they apply to an initial indictment or information. *Phelps*, 379 N.W.2d at 386–87. In determining whether there is good cause for a delay, we focus only on the reason for the delay. *Campbell*, 714 N.W.2d at 628. "The attending circumstances bear on that inquiry only to the extent they relate to the sufficiency of the reason itself." *Id*.

Cosgrove maintains he did not waive his rights to a speedy in regard to the second trial, which occurred more than ninety days after the district court declared a mistrial. The State argues Cosgrove's conduct necessarily waived a speedy trial or, alternatively, the delay is attributable to him because defense counsel participated in selecting the new trial date and the reason for the delay was Cosgrove's desire to have the subject matter of the State's DNA test independently tested.

On our review, we conclude the district court did not abuse its discretion by denying Cosgrove's motion to dismiss because Cosgrove waived his rights to a speedy trial. It is true that "mere acquiescence in the setting of a trial date beyond

the period for speedy trial does not constitute waiver." *Zaehringer*, 306 N.W.2d at 795. However, "acquiescence in the setting of a trial date beyond the speedy trial period is a factor which may be considered in determining whether a defendant has waived his speedy trial rights." *Id.* The determinative issue is whether sufficient additional circumstances are present to compel a finding of waiver. *Id.* Such circumstances were present here.

First, in his motion to continue made in conjunction with his motion for mistrial, Cosgrove asked for the trial to be rescheduled to a date that would accommodate his desire to conduct independent DNA testing that he stated "should take about 90 days." We make several observations about this time estimate. "About 90 days" could mean more or less than ninety days. Given that Cosgrove's own prediction left room for the possibility testing could take more than ninety days, it should have come as no surprise to him that the district court set a new trial date that provided a time buffer to take into account that possibility. Furthermore, the time for testing itself does not fully encompass the time needed for Cosgrove to effectively utilize the expert from California that Cosgrove sought to hire. Once the testing was done, Cosgrove presumably needed additional time to consult with the expert to see if the test results helped him, consult with the expert about ways to counteract the state's expert, and make arrangements to procure the expert's trip to Iowa to testify. All of those things take additional time beyond the "about 90 days" needed to conduct the testing itself. Cosgrove's attorney was aware of the need for these additional tasks, as he highlighted them during the hearing on his motions. The time needed to accommodate fully

Cosgrove's request for independent testing further explains why the new trial was scheduled when it was.

Second, Cosgrove went well beyond merely acquiescing to the new trial date—he actively participated in choosing the date. The record shows that the hearing on Cosgrove's motion for mistrial was started late in the day on one of the days of the first trial. During that hearing, the district court and the parties agreed to reconvene early the next day. That night, Cosgrove filed his motion for a continuance. Later that night, the district court and the attorneys had an off-the-record phone conversation,[2] during which the district court informed the parties the court was granting Cosgrove's motion for mistrial.[3] The next morning, the district court and attorneys met and the attorneys agreed to consult with court administration to obtain a new trial date so it could be inserted in the district court's forthcoming order granting Cosgrove's motion for a mistrial. The attorneys apparently followed through with their plan to obtain an available trial date from court administration, as the following exchange took place:

> [THE STATE]: We did have an opportunity to consult with the court administrator, Your Honor, and were given a potential date of April 23rd, 2019, which is a Tuesday.
> THE COURT: Do you want me to put that date in my order, then, or wait until you check with your physician?
> [The STATE]: I would ask the Court to put that in your order. I can always make a motion to continue if it doesn't work for my witnesses.

---

[2] Presumably and understandably, the phone conference was unreported because it took place at 8:30 p.m. when the courthouse was closed and the district court's reporter would not have been available. The details of the events that took place during non-business hours were stated on the record the next morning.

[3] On the record the following day, the district court explained that the phone conference the night before was conducted to inform the parties of the decision to grant the mistrial so the parties could call off witnesses.

THE COURT: [Defense Counsel], is that agreeable with you?
[DEFENSE COUNSEL]: That is, Your Honor.

Based on these circumstances, we conclude Cosgrove actively participated in selecting the new trial date, and his agreement to set trial after the speedy trial period to accommodate his request to engage an expert to conduct independent DNA testing constituted waiver of Cosgrove's speedy trial rights. *See State v. Gansz*, 403 N.W.2d 778, 780 (Iowa 1987) (holding a defendant cannot claim violation of statutory speedy trial rights when the defendant is present when a trial date is selected, knows the reasons the date is selected, and does not inform the court that he believed the trial date violated his speedy trial rights). As such, we cannot conclude the district court abused its discretion by denying Cosgrove's motion to dismiss.

**AFFIRMED.**