# IN THE COURT OF APPEALS OF IOWA

No. 21-1182
Filed September 13, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PAUL LEE CRUZ,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Christine Dalton (good-cause hearing) and Cheryl Traum (bench trial), District Associate Judges.


        Paul Lee Cruz appeals his conviction and sentence following a bench trial for domestic abuse assault causing injury or mental illness. **AFFIRMED.**


        Audra F. Saunders, Des Moines, and Benjamin Bragg (until withdrawal), Clive, for appellant.

        Brenna Bird, Attorney General, and Tyler J. Buller (until withdrawal) and Israel Kodiaga, Assistant Attorneys General, for appellee.


        Considered by Bower, C.J., and Tabor and Greer, JJ.  Buller, J., takes no part.

**BOWER, Chief Judge.**

Paul Lee Cruz appeals his conviction for domestic abuse assault causing injury or mental illness, first offense, in violation of Iowa Code section 708.2A(2)(b) (2021). Cruz asserts the district court erred in finding good cause to delay the trial past the speedy-trial limitation period. He also claims there is insufficient evidence to sustain the conviction. Finding no abuse of discretion and substantial evidence to support the conviction, we affirm.

*Speedy trial.* Pursuant to Iowa Rule of Criminal Procedure 2.33(2)(b), "If a defendant . . . has not waived the defendant's right to a speedy trial the defendant must be brought to trial within [ninety] days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown." Our caselaw makes clear, "Whether the delay is great or small, dismissal under our rule is required unless the state carries its burden to show that the defendant waived speedy trial, that the delay was attributable to the defendant, or other 'good cause' exists for the delay." *State v. Taylor*, 881 N.W.2d 72, 78 (Iowa 2016).

"We review a district court's application of the procedural rules governing speedy trial for correction of errors at law." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017). "The district court's good-cause finding is reviewed for an abuse of discretion, although . . . 'that discretion is a narrow one, as it relates to circumstances that provide good cause for delay of the trial.'" *Id.* at 704 (citation omitted).

> Yet because any "delay cannot be evaluated entirely in a vacuum," we also consider surrounding circumstances such as the length of the delay, whether the defendant asserted his right to a speedy trial,

and whether prejudice resulted from the delay. Hence, as we have explained, these surrounding circumstances essentially operate on a sliding scale:

> The shortness of the period, the failure of the defendant to demand a speedy trial, and the absence of prejudice are legitimate considerations only insofar as they affect the strength of the reason for delay. This means that, to whatever extent the delay has been a short one, or the defendant has not demanded a speedy trial, or is not prejudiced, a weaker reason will constitute good cause. On the other hand, if the delay has been a long one, or if the defendant has demanded a speedy trial, or is prejudiced, a stronger reason is necessary to constitute good cause.

We have noted that "most, if not all, cases justifying reversal based on speedy-trial violations involve delays numbering weeks or months, not days."

*Id.* (internal citations omitted).

Here, the ninety-day period was to expire on May 27, 2021.[1] A jury trial was scheduled to begin on May 10. A pretrial conference was held on May 6, at which time both the State and defense indicated they were ready to proceed to trial. But the defense requested the matter be tried to the bench,[2] and the State did not oppose the request.[3] The court filed its order following the pretrial conference on May 6, indicating a non-jury trial was scheduled for June 15.

On May 20, the district court set a videoconference hearing for the next day:

> This case has a speedy deadline of May 25 [sic], 2021. Defendant has requested a bench trial. That is set for June 15, 2021.
> A hearing needs to be held on the speedy trial issue and whether or not there is good cause to go beyond that deadline.

---

[1] Both the "Record of Pretrial Conference" and "Order Following Pretrial Conference" note a speedy trial expiration date of May 27, 2021.

[2] Cruz's written waiver of jury trial was signed on May 6 and e-filed on May 10.

[3] The belated request was beyond the deadline for pretrial motions.

After the hearing, the district court made findings that the waiver of jury trial was a strategic decision by the defense, the June 15 trial date was selected by the defense, and after the trial date was rescheduled, the State communicated with defense counsel and asked if Cruz was waiving his speedy trial demand. Apparently, Cruz informed defense counsel he did not want to waive speedy trial. Cruz does not take issue with the court's findings, but maintains the State did not meet its burden to establish good cause, asserting the State should have insisted on going to trial on May 10. His appellate brief argues, "The State cannot ask that its own fault be remedied and determined 'good cause' because they called off their witness on a day that they could have held the jury trial."

The court concluded:

> After hearing statements of counsel and Defendant it is clear that an unintentional mistake in scheduling was made. While Defendant clearly took his attorney's advice and agreed to a bench trial, he did not fully understand the reason today. He and his attorney need to discuss this if it remains an issue. Regardless, the court makes the determination that there is good cause to go beyond the speedy trial deadline in this case as there is insufficient time to have a trial before the deadline . . . given the need for a judge and court reporter as well as notice to witnesses and gathering of evidence. Also defense selected the trial date of June 15, 2021 when jury was waived last minute.

It is true "mere acquiescence in setting a trial date is not sufficient to lead to a waiver of speedy trial rights." *Taylor*, 881 N.W.2d at 77. But here, the defense selected the date,[4] as the original trial date was changed by counsel for strategic

---

[4] At the hearing the prosecutor stated, "I think [June 15] was the first date that [defense counsel] was able to get for a non-jury trial in a reasonable time." Defense counsel stated, "Well, I advised Mr. Cruz that it was probably in our best interests to waive a jury, since there's legalistic arguments we're going to need to make that a jury is not going to pick up on, that a court can. So when I got a bench trial date, it was June 15th, and I figured that was okay."

reasons, and the trial court was entitled to consider that fact in its good-cause determination. *See McNeal*, 897 N.W.2d at 707 n.2 ("In reviewing a district court ruling for abuse of discretion, it makes sense to consider the facts and circumstances as they existed when the district court ruled."). Cruz does not claim the delay of nineteen days resulted in prejudice. We find no abuse of discretion in the trial court's finding that good cause existed for the delay. *See id.* at 707 ("Given the record and the parties' arguments at the time, the district court took a reasonable course of action.").

*Sufficiency of the evidence.* Cruz claims the State presented insufficient evidence to convict him of domestic abuse assault. We review his challenge for legal error. *See State v. Banes*, 910 N.W.2d 634, 637 (Iowa Ct. App. 2018). Our sufficiency review is the same for a bench trial as a jury trial. *State v. Myers*, 924 N.W.2d 823, 826 (Iowa 2019). The court's findings of fact have the effect of a special verdict—binding on appeal if supported by substantial evidence. *State v. Fordyce*, 940 N.W.2d 419, 425 (Iowa 2020). We view the record in the light most favorable to the court's decision. *Myers*, 924 N.W.2d at 827.

C.O. testified Cruz grabbed her by the hair and held her down while he drove her to his house when he was supposed to be driving her home. Cruz testified, "I grabbed the back of her jacket and some hair, I guess." He asserted he was trying to keep her from jumping from his moving vehicle.

The trial court made these findings:

[C.O.] and [Cruz] were in an intimate relationship at the time of the incident and are parents of two children. On or about January 30, 2021, [Cruz] went to [C.O.]'s work to give her a ride. They had a couple drinks at [Cruz's] work, then proceeded to another bar in the area. [C.O.] testified she wanted [Cruz] to take her to her residence,

but he wanted her to come to his home. The two have never lived together and [C.O.] lives with her father and her children. [C.O.] attempted to get out of [Cruz]'s vehicle when she felt pain on her head. [C.O.] believes [Cruz] pulled her hair. The vehicle came to an abrupt stop and she fell. She sustained road rash from the fall. [Cruz] told her to get back in the vehicle. He held her hair again and held her head down until they were close to his residence. Once [Cruz] released his hold on her, she got out of the vehicle and started screaming. An individual nearby let her use his phone. [C.O.] called her father to come get her and he called the police. Exhibits admitted in to evidence show a raised red wound and a spot where hair was missing from [C.O.]'s head.

[Cruz] testified that he was only driving [two to three] miles per hour when [C.O.] jumped out of the vehicle the first time. They were traveling [thirty-five] miles per hour when she tried to jump out the second time. He testified that he did not mean to pull her hair. The court does not find [Cruz]'s testimony to be credible. The court was able to observe both [C.O.] and [Cruz] as they testified. [C.O.] was visibly upset when she testified about the events that evening. Her testimony about where the events took place was credible. [Cruz] was driving toward his residence and not [C.O.]'s. When [C.O.] was able to get away from [Cruz], they were near his residence. In addition, his testimony that he was driving [two to three] miles per hour during the first incident is not credible. The court assess[es] credibility to the State's witness.

Cruz acknowledges this case hinges on the credibility of the witnesses. He takes issue with the court's credibility assessment. As factfinder, it was for the trial court to determine witness credibility. We give those findings "considerable deference." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004).

Viewing the evidence in the light most favorable to the court's verdict and giving proper deference to the court's assessment that [C.O.] was credible and Cruz was not, there is substantial evidence to support the conviction for domestic abuse assault causing injury. So, we affirm.

**AFFIRMED.**

Greer, J., concurs; Tabor, J., dissents.

**TABOR*, Judge** (dissenting).

"I want it done now." In no uncertain terms, Paul Cruz repeated his demand for a speedy trial at the hearing scheduled by the district court to determine whether good cause existed to set his bench trial beyond the ninety-day deadline in Iowa Rule of Criminal Procedure 2.33(2)(b). Because the district court was wrong in finding good cause for the delay, I respectfully dissent. I would reverse and remand for dismissal.

A timeline helps set the stage. The State filed its trial information on February 26, 2021. The State had ninety days to bring Cruz to trial. *See* Iowa R. Crim. P. 2.33(2)(b). Day ninety was May 27, 2021. In his written arraignment, Cruz demanded his right to a speedy trial. After an April 15 pretrial conference, the parties documented that a trial date was set for May 10, and the speedy-trial deadline expired on May 27. At a pretrial conference on May 6, Cruz signed a written waiver of his right to a jury trial. Both his attorney and the prosecutor also signed the waiver document. After that pretrial conference, the court filed an order—again noting Cruz's demand for a speedy trial and the May 27 expiration date—setting a bench trial for June 15, 2021.

Two weeks later, the court realized the new date was outside the speedy-trial period and scheduled a hearing for May 21 to consider "whether or not there is good cause to go beyond that deadline." At the hearing, the prosecutor told the court he did not know why, even after the jury waiver, the trial did not go forward on May 10, "other than, as you know, on that date we'll adjust the trial schedule for the next week, and if somebody wants to go to a non-jury trial, why we always accommodate—almost always accommodate them because of speed." The

prosecutor also said he confirmed a "couple days" before the good-cause hearing that Cruz did not want to waive his speedy-trial right despite the new trial date.

Then the court asked defense counsel: "[D]id you have a trial already set on the 10th? Was that the problem with the jury trial or was it a strategic decision that you made about the 10th of May?" Counsel explained that the defense strategy was "to waive a jury" because they had "legalistic arguments" better suited to having a judge as the trier of fact. Counsel added: "So when I got a bench trial date, it was June 15th, and I figured that was okay."

The majority seizes on that last statement, casting it as a strategic decision by Cruz to select a trial date outside the ninety-day deadline. It then cites *State v. McNeal* for the proposition that "it makes sense to consider the facts and circumstances as they existed when the district court ruled." 897 N.W.2d 697, 707 n.2 (Iowa 2017). Trouble is, when the district court ruled on Friday, May 21, 2021, the speedy-trial period had yet to expire. In fact, the State knew that Cruz was still demanding a speedy trial—at least as of May 19—eight days before time lapsed. Yet the State made no effort to schedule a bench trial within that looming deadline. And the court did not hold the State to its burden of bringing Cruz to trial. *See State v. Zaehringer*, 306 N.W.2d 792, 795 (Iowa 1981) ("[T]he [S]tate, not the defendant, has the responsibility for bringing the defendant to trial within the specified period.").

Instead, the court blamed "communication problems" for the trial date being set too far out. The court reasoned:

> I don't think anybody's really at fault for setting this outside of the speedy trial, and speedy trials have been hard to calculate at best during COVID.

But it does appear that you guys both agree to what the calculation was and that we have gone beyond that. I now understand the strategic reason why he switched from a jury trial to a non-jury trial. They couldn't do a non-jury trial on the 10th because they were doing other trials.

It is unclear who the court meant by "they" or why "they" could not hold a bench trial in place of the jury trial scheduled for May 10, or reschedule the bench trial before the May 27 deadline. But it contradicts our caselaw to consider defense counsel's assent to the setting of a trial date beyond the ninety days as a waiver of Cruz's right to a speedy trial. *See id.*; *State v. Phelps*, 379 N.W.2d 384, 387 (Iowa Ct. App. 1985). *Zaehringer* requires "sufficient additional circumstances" to compel a finding of waiver. 306 N.W.2d at 795. No such circumstances appear on this record.

Besides, the district court did not find waiver.[5] It found good cause for leaving the trial set on a date nearly three weeks after expiration of the speedy-trial period. Granted, we review that finding for an abuse of discretion. *State v. Campbell*, 714 N.W.2d 622, 627 (Iowa 2006). But the district court's discretion is narrow "as it relates to circumstances that provide good cause for delay of the trial." *Id.* And "[w]e require diligence from those seeking to prove good cause." *Taylor*, 881 N.W.2d at 76.

Under our speedy-trial rule, we do not engage in a multi-factor balancing test to determine good cause. Rather, we rely on a single factor: the reason for

---

[5] The court must dismiss a criminal charge if trial is not started within ninety days after the charging instrument is filed unless the State shows (1) defendant waived speedy trial, (2) the delay was attributable to the defendant, or (3) there was good cause for the delay. *State v. Taylor*, 881 N.W.2d 72, 76 (Iowa 2016).

the delay. *Id.* at 77. If that reason is not good enough, other factors will not save the charge from dismissal. *Id.*

In its written order finding good cause, the district court identified the reason for the delay as "an unintentional mistake in scheduling." The court added: "[T]here is insufficient time to have a trial before the deadline [of] May 25, 2021, given the need for a Judge and court reporter as well as notice to witnesses and gathering of evidence." The court's order is deficient for three reasons. First, it misstates the deadline as May 25 rather than May 27. Second, the hearing record did not support the court's finding that more time was needed to gather evidence or notify witnesses, much less to line up a judge and court reporter. Third, generalities about court scheduling problems do not show good cause. *Id.* (explaining "good cause to avoid speedy trial must be rooted in facts, not conclusions").

The State acknowledges that the record and the court's order are "not models of clarity." But it insists the delay was attributable to Cruz. The State focuses on Cruz's "last-minute request for a bench trial"—signed four days before the trial date. True, Iowa Rule of Criminal Procedure 2.17(1) mandates that a jury-trial waiver occur at least ten days before trial. But that rule also allows belated waivers if the prosecuting attorney consents. Iowa R. Crim. P. 2.17(1). And that's what happened here. Having consented to the jury waiver, the State cannot use that waiver as an excuse for not bringing Cruz to trial before the speedy-trial deadline. As our supreme court has said:

> The decisive inquiry in these matters should be whether events that impeded the progress of the case and were attributable to the defendant or to some other good cause for delay served as a matter of practical necessity to move the trial date beyond the initial ninety-day period required by the rule.

*Campbell*, 714 N.W.2d at 628. The State cannot show that Cruz's jury trial waiver—as a matter of practical necessity—prevented it from bringing him to trial before May 27, 2021.

Because the State did not show good cause for the delay, I believe we must enforce the speedy-trial rule and dismiss the trial information.