# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0868
Filed May 27, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Cleotha Chairse,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Polk County,
The Honorable Jesse Ramirez (motion to dismiss) and
The Honorable David Nelmark (trial), Judges.

————————

**AFFIRMED**

————————

Krisanne C. Weimer of Weimer Law, PC, Council Bluffs, attorney for
appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

Cleotha Chairse was charged with operating while intoxicated, third offense, after he got into an accident driving a sport utility vehicle. He smelled of alcohol and marijuana, admitted to smoking marijuana two hours before, refused to complete field sobriety tests or to submit to a chemical test, mumbled and slurred his speech, and was so lethargic that he fell asleep while being transported in the patrol car away from the scene. Chairse's first trial ended in a mistrial. And the retrial was set at a date Chairse proposed—more than ninety days after the mistrial was declared—then moved even later at Chairse's request because his counsel had been unable to prepare for trial for over a month because of a family emergency, and finally moved again at the State's request because of a witness's unavailability.

So when Chairse then filed a motion to dismiss alleging a violation of his right to be retried within ninety days after the mistrial, the district court denied the motion. And a jury eventually convicted Chairse of operating while intoxicated and two other offenses—driving while barred and driving while license revoked. Chairse now appeals all his convictions, challenging the denial of the motion to dismiss and the sufficiency of the evidence supporting his operating-while-intoxicated conviction.

Because Chairse's conduct after the mistrial waived his speedy-trial right and the district court did not abuse its discretion in finding that good cause supported the delay in retrial, his speedy-trial right was not violated. And substantial evidence supports the jury's verdict that he was under the influence of alcohol, drugs, or a combination of both when he operated a motor vehicle. We thus affirm Chairse's convictions.

## I.    Speedy Trial

We first consider Chairse's challenge to the district court's denial of his motion to dismiss asserting a violation of his right to a speedy trial under the Iowa Rules of Criminal Procedure. Rule 2.33(2)(b) generally requires trial within ninety days of the filing of a trial information. And after a mistrial, the ninety-day period resets—"the case shall be retried within 90 days unless double jeopardy bars further prosecution, the defendant waives speedy trial, or good cause for further delay is shown." Iowa R. Crim. P. 2.19(5)(a)(2); *see also State v. Zaehringer*, 306 N.W.2d 792, 794–95 (Iowa 1981).

We review the "application of the procedural rules governing speedy trial for correction of errors at law." *State v. McNeal*, 897 N.W.2d 698, 703 (Iowa 2017). But we review the decision "whether the State carried its burden to show good cause for the delay for abuse of discretion." *Id.* The court's factual findings are binding if supported by substantial evidence. *Id.*

Here, Chairse waived his speedy-trial right under rule 2.33(2)(b) before his first trial by filing a written waiver in June 2024. On the first day of trial—November 4, 2024—the court declared a mistrial.[1] The mistrial order noted that "[a] new trial date will be set upon consultation wit[h] the parties." The State expressed no preference for a new date while Chairse proposed three potential trial dates, two of which were within ninety days of the mistrial and a third—February 10, 2025—which was ninety-eight days after. In late November, after noting that Chairse "has waived speedy trial," the court set the retrial for that last day he proposed: February 10.

---

[1] According to the court's order, "Before any evidence was presented, it was discovered that one juror was a friend of a prosecuting witness and that another juror was present when a person, not a witness, discussed matters concerning this case that would not have been admissible at trial and would have been prejudicial."

Three days before the rescheduled trial date, Chairse moved for a continuance because his counsel had "been out of the office and largely unavailable to prepare for trial" for over a month due to a family emergency. His motion asserted that he had "waived speedy trial in this matter" and would be prejudiced if his counsel had "to proceed to trial without having had the time and opportunity to properly prepare." The State did not resist. And the same day, the court rescheduled the trial for February 24.

Six days later, the State moved to continue the trial because one of its law-enforcement witnesses was unavailable. The State's motion again asserted that Chairse "waived his right to a speedy trial in this matter," and that he "does not resist a continuance to a trial date when [the witness] will be available." The court initially denied the motion to continue, ordering the parties to "provide the court with a confirmed trial date prior to this court granting a continuance." So a week after its first motion, the State again moved to continue, proposing several potential dates in March or early April and noting its disagreement with several of Chairse's proposed dates for late April and May because they were more than a year after his arraignment and Chairse had not waived his speedy-trial right under rule 2.33(2)(c). *See* Iowa R. Crim. P. 2.33(2)(c) ("All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause."). The same day, the court rescheduled the trial for March 10, again noting that Chairse "has waived speedy trial."

Four days later, Chairse moved to dismiss, arguing that his "right to a speedy trial has been violated in this matter because his re-trial did not commence within ninety days of the mistrial." The district court denied his motion. It found that Chairse "was an active participant in the choosing of

these trial dates" and thus waived his right to a trial within ninety days of the mistrial. And alternatively, it found "there was good cause to continue that trial date" past the ninety-day period because of his counsel's unavailability for preparation or trial starting in mid-December due to her family emergency that was noted in his motion to continue the February 7 trial date.

The district court did not err in ruling that Chairse waived his right to retrial within ninety days after the court declared a mistrial. We assume without deciding that a new waiver was required to waive the reset ninety-day deadline under rule 2.19(5)(a)(2). *Contrast State v. Hamilton*, 309 N.W.2d 471, 475–76 (Iowa 1981) (holding that waiver made before interlocutory appeal continued to apply on remand until the defendant withdrew the waiver), *with State v. Lovan*, No. 17-0729, 2020 WL 2972137, at *3 (Iowa Ct. App. June 3, 2020) (declining to follow *Hamilton* for a speedy-trial waiver made before mistrial and instead analyzing whether the defendant waived the reset ninety-day deadline after the mistrial).

"[M]ere acquiescence in the setting of a trial date beyond the period for speedy trial does not constitute waiver" of a defendant's speedy-trial right. *Zaehringer*, 306 N.W.2d at 795. But "acquiescence in the setting of a trial date beyond the speedy trial period is a factor which may be considered in determining whether a defendant has waived his speedy trial rights." *Id.* A court must look at the "additional circumstances" to determine whether a defendant's conduct showed a waiver of speedy-retrial rights. *Id.* (holding that the defendant's conduct amounted to a waiver as a matter of law when defendant did not object to trial date and deadlines and filed motions to prepare for trial after the ninety-day period had run); *see also Lovan*, 2020 WL 2972137, at *3–4 (holding that defendant waived right to speedy retrial when trial was scheduled for a date more than ninety days after the mistrial, with

the assertion that he had waived speedy trial, and then eventually rescheduled even later after defendant sought to take depositions that could not otherwise be completed). And a defendant's conduct generally includes not just his personal actions and assertions but also those taken and made on the defendant's behalf by defense counsel. *See State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981); *Lovan*, 2020 WL 2972137, at *3–4 (attributing defense counsel's conduct to defendant in finding waiver).

The evidence before the district court showed much more than "[m]ere acquiescence" from Chairse. *Zaehringer*, 306 N.W.2d at 795. He proposed the initial retrial date even though it was more than ninety days after the mistrial. He then successfully sought an even later date in a motion asserting that he had "waived speedy trial" and would be prejudiced otherwise because of his counsel's understandable lack of preparation because of her family emergency. The court correctly found this conduct amounted to a waiver. "The speedy retrial rule is intended to protect a defendant's right to an expeditious retrial, not to provide a weapon for terminating a prosecution which the defendant was not earlier prepared to defend." *Id.* at 796.

The court also did not abuse its discretion in deciding there was good cause for delaying the retrial past the ninety-day period. *See McNeal*, 897 N.W.2d at 704 (discussing the good-cause standard). On this ground, the court relied on the assertions in Chairse's motion to continue the initial retrial date. That February 7 motion—filed five days after the ninety-day period had run—said that because of a family emergency, his counsel had "been out of the office and largely unavailable to prepare for trial since December 19, 2024" and had only "recently" returned. And it aptly asserted that Chairse would be prejudiced if his counsel had "to proceed to trial

without having had the time and opportunity to properly prepare." Because of his counsel's absence—for roughly the last forty-five days of the ninety-day period—even if the trial had originally been set within the ninety-day period, it would have needed to be postponed. So we see no abuse of discretion in the court's conclusion that this was good cause for a delay past the ninety-day deadline until Chairse's counsel could be prepared for trial and the State's necessary witness could attend.

We thus affirm the district court's denial of Chairse's motion to dismiss the case for an alleged speedy-trial violation.

## II. Sufficiency of the Evidence

Chairse next challenges the sufficiency of the evidence supporting his operating-while-intoxicated conviction. We review for correction of errors at law. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). We are bound by the jury's verdict "if the verdict is supported by substantial evidence." *Id*. Evidence is substantial when "sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id*. It matters not whether the evidence is direct or circumstantial. *See State v. Ernst*, 954 N.W.2d 50, 57 (Iowa 2021). And in assessing its sufficiency, we view "the evidence in the light most favorable to the State" and make all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *State v. Brown*, 5 N.W.3d 611, 615–16 (Iowa 2024) (cleaned up).

Consistent with Iowa Code section 321J.2 (2024), the jury was instructed that, to find Chairse guilty of operating while intoxicated, the State had to prove two elements: (1) Chairse "operated a motor vehicle" "[o]n or about" April 14, 2024, and (2) "[a]t that time, [Chairse] was under the influence of alcohol, drugs, or a combination of alcohol and drugs." Chairse

only disputes the sufficiency of the evidence supporting the second element. And the jury was further instructed on that element that:

> A person is "under the influence" of alcohol or drugs when one or more of the following is true:
>
> 1.  His reason or mental ability has been affected.
>
> 2.  His judgment is impaired.
>
> 3.  His emotions are visibly excited.
>
> 4.  He has, to any extent, lost control of bodily actions or motions.

At trial, the jury heard evidence that law-enforcement officers responded to Chairse's disabled damaged sport utility vehicle in the left lane of an interstate highway. His vehicle was damaged, "consistent with hitting a concrete barrier," and had to be pushed onto the shoulder of the road. Chairse told the responding state trooper that the accident was caused by "a deer that came across" and made him "hit the side or something," and then "the tires went dead."

As the trooper talked with Chairse, she observed he had "mumbled, slurred speech" and he was "walking very deliberately, slowed when he walked around his vehicle when I asked him to get his insurance information and registration." When she arrested him for driving while barred and placed him handcuffed in the front seat of her patrol vehicle, the trooper smelled alcohol and marijuana on him. She also observed that he had bloodshot and watery eyes. And law enforcement officers found open liquor bottles and THC vapes in Chairse's vehicle.

While seated in the patrol vehicle, Chairse denied having any alcohol. But he admitted that he had smoked marijuana about two hours before. For much of the time in the patrol vehicle, Chairse acted lethargic and eventually

started nodding off, which the trooper testified could be consistent with someone who has smoked marijuana.

Chairse eventually refused to perform any of the field sobriety tests. He also refused the trooper's requests for chemical breath and urine tests. And when he was making phone calls, the trooper overheard him tell the person on the other end of the line that "he should've stayed where he was at" and he was not going to take "any drug tests."

Viewing the evidence in the light most favorable to the State, a reasonable jury could have found beyond a reasonable doubt that Chairse was under the influence when he operated his vehicle. It could have reasonably inferred that the car crash was caused because Chairse's mental ability was affected, his judgment was impaired, or he lacked full control of his bodily actions as a result of his drinking alcohol or smoking marijuana. It matters not whether the jury believed his explanation about a deer because even if it did, it still could have found that his reaction to the deer was affected by being under the influence. And all this was further supported by the signs of being under the influence observed by the trooper and shown on the two videos of Chairse's encounter that were played to the jury.

In arguing otherwise, Chairse puts much weight on the lack of any evidence that his "emotions [were] visibly excited." But the jury was only instructed that such evidence was one way of proving that a person was under the influence—it is not an element that the State must prove in all cases. Chairse also highlights an extended, animated exchange between him and another trooper near the very end of his ride in the patrol car about his logic in declining to do field sobriety tests and his view of the lack of proof that he was under the influence in driving. But even assuming that the jury did not instead view this exchange as showing some impaired judgment on Chairse's

part, his lucidity at the end of the encounter does not preclude the jury from considering the other evidence, including his conduct earlier in the encounter, that supported a finding he was driving under the influence.

At bottom, substantial evidence supported the jury's finding that Chairse was under the influence of alcohol, drugs, or both while driving his vehicle. We thus affirm Chairse's operating-while-intoxicated conviction.

**AFFIRMED.**